FILED

OCT 1 9 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHERON L. HARRISON )
  521 Clinton St, #2 )
  Sandusky, Ohio 44870 )
  419-609-3770 )
      Plaintiff

                                                                   TRIAL BY JURY

VS.

                                                CASE NUMBER 1:05CV02060

GALE ANN NORTON, Secretary of the Interior    JUDGE: Colleen Kollar-Kotelly
  1849 C Street, N.W.
  Washington, D.C. 20240                               DECK TYPE: Civil Rights (non-employment)

                                                DATE STAMP: 10/19/2005

NEAL McCALEB, Assistant Secretary of Interior )
  Bureau of Indian Affairs )
  1849 C Street, N.W. )
  Washington, D.C. 20240 )
      Defendant (s)

Complaint

LAWSUIT

Now comes, Sheron L. Harrison, before this court with lawsuit as to fact of law with federal question as to a Choctaw 'by blood' role approved by the Secretary of the Interior and deemed final by Congress and is now being addressed by the defendant (s) on an ad hoc basis.

Jurisdiction

This court has jurisdiction over this action under 28 U.S.C 1331, in that it is an action arising as a federal question.

"It is a cognizable right to have a federal court make an actual determination essential to the resolution of a federal question." Montana v U.S., 440 U.S.147 (1979)

General Nature of Action

My ancestor is enrolled on the Choctaw by blood role, role #15679. The Choctaw by blood in general knowledge is a role of the Indians of the Choctaw tribe. The only means to be recognized as part of the tribe, 'by blood', 'freedman' and 'intermarried white' and minors. Separate listing were made of the 'by blood', 'freedman' and the intermarried white and minors.

The Secretary of the Interior with right to issue or deny right to Certificate of Indian Blood with rule being:

> "In order to receive CDIB as a descendant of a member of the Five Civilized tribes, one must be able to prove direct lineal descent to an enrollee of the Dawes Commission Rolls".

The Secretary's right to issue or deny CDIB is not a part of this action, however, the rule states only to prove lineal descent to an original enrollee. The Secretary may have right to deny an original 'freedman' or 'intermarried white' a CDIB, but to now suggest that a

2

'by blood' was not 'by blood' is to say the role is not final and a Choctaw by blood is not a Choctaw by blood role. In 1907 the Secretary made lines and notation on the role to strike individuals from the roles. However, this action by the Secretary was taken to court and ruled that "Having approved the final rolls, the Secretary had exhausted his discretion." Garfield v Goldsby, 211 U.S. 249 (1908). Within the case a Wiley Adams, roll #15027 suit No 50033 S.C.D.C., was ruled in Garfield to be put back on the role as Choctaw by blood with rights to allotment and payments enjoyed by other citizens. Example as to what is being done; if this Adams' lineal descendants applied for right to be recognize as a lineal descendant of an original Choctaw by blood they would be denied and require further proof in regards to blood degree so listed and approved by the Secretary and told he is on the Choctaw by blood role but he is not Choctaw by blood. My ancestor with the same blood as Adams would be required to prove once again an original enrollee is Choctaw by blood. The Secretary has not gone back to my ancestor and ask that he prove rights to be recognized as Choctaw by blood.

The complaint before this court is not in regards to the right of the Secretary to issue or deny CDIB, but the right to use a 'by blood' role that has continually been deemed final and tell those lineal descendants of original enrollee that one must once again prove Choctaw by blood. If the blood degree listed is blue and the Secretary approved this and put one as original Choctaw by blood for him to receive land allotments and money as Choctaw by blood then that is the blood degree. The role mandated by Congress was to be a Choctaw 'by blood' role and no where in any stat of

Congress in regards to this does it suggest that one did not have to be. Once on the Choctaw 'by blood' role one received land allotment and money as with all individuals enrolled as Choctaw by blood. Other restrictions were to the full bloods on the 'by blood' roles. In essence what the Secretary is suggesting that the original enrollee did not prove they were Choctaw by blood and therefore require the lineal descendants to do so. This tactic underminds the long standing ruling of this circuit and the Supreme court, "once one has acquired right by administrative or judicial proceedings cannot be deprived of them without notice", Garfield at 262. The Secretary is at this point denying the original enrollee and the lineal descendants of them rights and privileges 'by blood'. In understanding that Congress has plenary power in regards to Indians; however, "a committee of Congress can not take language that could only cover 'flies' or 'mosquitoes' and tell the courts that it really covers 'ducks'. Wisconsin Pulic Intervenor v Montier, 501 U.S. 597, at 611n (1991). The Secretary at this point is suggesting that Adams and my ancestor are ducks on a role of flies and mosquitoes. Adams and my ancestor were given land allotment and money as flies or mosquitoes, but are now being considered ducks. Therefore the roll of Choctaw by blood must be a roll of Choctaw by blood and can not at this point be used on an ad hoc basis even to issue a CDIB.

THEREFORE, I pray that this court will undertake this complaint and instruct the Secretary to stop the practice of requiring further proof of an original enrollee to be Choctaw by blood if the Secretary is to use the Dawes Choctaw by blood role as part of

4

process to issue CDIB cards. For to do anything to the other is to mean the by blood role is not final and those already adjudged to be Choctaw by blood are not really Choctaw by blood and one must once again prove they are by blood. The finality of a role is at stake here as well as the integrity of that role. This tactic under minds the long standing ruling of this circuit and the Supreme court. Recognition must be granted to a lineal descendant of an original enrollee Choctaw by blood without further proof; otherwise the role is not a role of Choctaw by blood as mandated by Congress and approved by the Secretary.

*Sheron L Harrison*
SHERON L HARRISON, PRO SE
521 Clinton St, #2
Sandusky, OH 44870
419-609-3770 - home
419 503 5650 - cell