IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHERON L. HARRISON,　　　　　　　　　) <br> ) <br> 　　　　Plaintiff　　　　　　　　　　　　) <br> ) <br> 　　v.　　　　　　　　　　　　　　　　) <br> ) <br> GALE ANN NORTON, Secretary of the Interior, ) <br> NEAL McCALEB, Assistant Secretary of the　) <br> Interior,　　　　　　　　　　　　　　　) <br> ) <br> 　　　　Defendants　　　　　　　　　　　) <br> _____) | No. 1:05-cv-02060 <br><br> Hon. Colleen Kollar-Kotelly |

**DEFENDANTS' MOTION TO DISMISS**

Defendants Gale Ann Norton and Neal McCaleb, by and through their undersigned counsel, hereby move this Court for an Order, pursuant to Fed. R. Civ. P. 12 (b)(1) and 12(b)(6), dismissing the Plaintiff's Complaint. The grounds for Defendants' Motion are that:

1. Plaintiff's claims are not within the subject matter jurisdiction of this Court.

2. Plaintiff's claims are barred by the doctrine of *res judicata*.

3. Plaintiff's Complaint fails to state any claim upon which relief can be granted.

In support of this Motion, Defendants submit the accompanying Memorandum of Points and Authorities in Support of Defendants' Motion to Dismiss.

WHEREFORE, the Defendants respectfully request that their Motion to Dismiss be granted, Plaintiff's Complaint be dismissed with prejudice, and judgment be entered in favor of Defendants.

//

//

Dated this 2nd day of February, 2006.

        Respectfully submitted,

        SUE ELLEN WOOLDRIDGE
        Assistant Attorney General
        United States Department of Justice


        /s/ Alex Kriegsman
        Alex Kriegsman
        Trial Attorney
        United States Department of Justice/ENRD
        Natural Resources Section
        P.O. Box 663
        Washington, D.C.  20044-0663
        Tel: (202) 305-3022
        Facsimile: (202) 305-0506

OF COUNSEL:
Charles R. Babst, Jr.
Attorney-Advisor
Tulsa Field Solicitor's Office
7906 East 33rd Street, Suite 100
Tulsa, OK 74145
(918) 669-7730 (tel.)
(918) 669-7736 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHERON L. HARRISON, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 1:05-cv-02060 |
| v. ) | |
| ) | Hon. Colleen Kollar-Kotelly |
| GALE ANN NORTON, Secretary of the Interior, ) | |
| NEAL McCALEB, Assistant Secretary of the ) | |
| Interior, ) | |
| ) | |
| Defendants ) | |
| _____ ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

**Table of Contents**

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .i

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Background . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Standard of Review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

I.     Plaintiff's Complaint Should Be Dismissed for Lack of

       Subject Matter Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

       A.     Plaintiff's Failure to Allege a Waiver of Sovereign

              Immunity Warrants Dismissal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II.    *Res Judicata* Bars Plaintiff's Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# Table of Authorities

**FEDERAL CASES**

Allen v. McCurry, 449 U.S. 90, 94 (1980) .................................... 5

Baker v. Carr, 369 U.S. 186, 197 (1962) ..................................... 3

Brown v. Felsen, 442 U.S. 127, 131 (1979) ................................... 5

C&E Services of Washington v. DC Water and Sewer Authority,
310 F.3d 197 (D.C. Cir. 2002) ............................................... 5

Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402 (1971) ........ 7

College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.,
527 U.S. 666 (1999) ......................................................... 4

Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591 (1948) .............. 5

Conley vs. Gibson, 355 U.S. 41 (1957) ..................................... 2,3

Cristafi v. Holland, 655 F.2d 1305 (D.C. Cir. 1981) ......................... 3

Davis v. United States, 192 F. 3d 951 (10th Cir. 1999) ...................... 2

Dynaquest Corp. v. United States Postal Service, 242 F.3d 1070 (D.C. Cir. 2001) ......... 5, 7

Estelle v. Gamble, 429 U.S. 97 (1976) ....................................... 3

Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394 (1981) ............... 5, 7

Fort Sumter Tours, Inc. v. Babbit, 202 F. 3d 349 (D.C. Cir. 2000) ........... 7

Gibbs v. Buck, 307 U.S. 66 (1939) ........................................... 3

In re Al Fayed, 91 F.Supp. 2d 137 (D.D.C. 2000) ............................. 4

Kennedy v. Rabinowitz, 318 F.2d 181 (D.C. Cir. 1963) ........................ 5

Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994) .............. 3

Lac Vieux Desert Band of Lake Superior Indians of Michigan v. Ashcroft,
360 F. Supp. 2d 64, 66 (D.D.C. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Lane v. Pena, 518 U.S. 187 (1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Library of Congress v. Shaw, 478 U.S. 310 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Moore v. Agency for Int'l Development et al., 994 F.2d 874 (D.C. Cir. 1993) . . . . . . . . . . . . . 3

Mt. Emmons Mining Co. v. Babbit, 117 F.3d 1167 (10th Cir. 1997) . . . . . . . . . . . . . . . . . . . . 7

Neitzke v. Williams, 490 U.S. 319 (1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Paley v. Estate of Ogus, 20 F. Supp. 2d 83 (D.D.C. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 8

Ruckelshaus v. Sierra Club, 463 U.S. 680 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Schilling v. Rogers, 363 U.S. 666 (1960) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Student Loan Marketing Ass'n v. Riley, 907 F. Supp 464 (D.D.C. 1995) . . . . . . . . . . . . . . . . 5

Trifax Corp. v. District of Columbia, 314 F.3d 641 (D.C. Cir. 2003) . . . . . . . . . . . . . . . . . . . 3

Trout v. Sec'y of Navy, 317 F.3d 286 (D.C. Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

United States v. Mitchell, 445 U.S. 535 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

United States v. Nordic Village, Inc., 503 U.S. 30 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

FEDERAL STATUTES

22 U.S.C. § 2201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

5 U.S.C. § 704 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

5 U.S.C. § 706 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

## INTRODUCTION

Defendants Gale Ann Norton and Neal McCaleb respectfully move this Court to dismiss this action filed by Plaintiff Sheron L. Harrison. Plaintiff appears to complain of Defendants' alleged issuance and denials of Certificates of Degree of Indian Blood ("CDIB"). It is unclear precisely what relief Plaintiff is seeking - and whether she is making a generic challenge to Defendants' conduct or a challenge specific to Plaintiff. Regardless, the Amended Complaint should be dismissed because Plaintiff asserts claims that are beyond the subject matter jurisdiction of this Court, are barred by the doctrine of *res judicata*, and fail to state a claim upon which relief can be granted. Plaintiff's failure to allege a waiver of sovereign immunity warrants dismissal. And as set forth below, Plaintiff's claims - challenging her denial of a Certificate of Degree of Indian Blood ("CDIB") - have already been resolved by the Tenth Circuit. Moreover, Plaintiff's claims were also barred by this Court under *res judicata* in an action filed by Plaintiff in 2003. Indeed, Plaintiff is attempting to litigate these issues for the <u>third</u> time. For these reasons, this Court should dismiss Plaintiff's complaint with prejudice pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

## BACKGROUND

Plaintiff filed this action on October 19, 2005. On December 5, 2005, Plaintiff filed an "Amendment to Complaint" (hereinafter, the "Amended Complaint"). Plaintiff's Amended Complaint is difficult to comprehend and it is not entirely clear what relief she is requesting from this Court. The Amended Complaint appears to challenge the denial of her "Certificate of Indian

Blood." Am. Complt. at 3 -4.[1/] Plaintiff claims to be a "lineal descendant[] of original enrollee" (sic) and asserts that she should not be required to prove "Choctaw by blood" because her ancestors allegedly did not have to do so. Am. Complt at 4-5.

Her Amended Complaint, however, does not identify what specific agency action was taken upon which she is aggrieved and pleads generally that the Defendants have not been construing the rights of lineal descendants consistently with plaintiff's view of the law. Parts of the Amended Complaint thus appear to be a more generic challenge to the lawfulness of Defendants' actions with respect to others, not directly related to Plaintiff. Plaintiff asserts that Defendants are "denying the original enrollee and the lineal descendants of them rights and privileges 'by blood.'" Am. Complt. at 5. Plaintiff's prayer for relief appears to seek a declaration of the law. It asks the Court to "answer that the roll is final and the Defendant(s) have lost discretionary power to use the 'by blood' roll and pick and choose from the already adjudge by blood original enrollee." Am. Complt. at 7. Plaintiff appears to assert that Defendants should not be permitted to approve the final listing of CDIBs. Id.

## STANDARD OF REVIEW

Fed. R. Civ. P. 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 327 (1989) (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) and Conley v. Gibson, 355 U.S. 41 (1957)). "[I]f as a matter of law 'it is

---

[1/] "Certificates of Degree of Indian Blood ("CDIBs") are issued by the BIA and are the BIA's certification that an individual possesses a specific quantum of Indian blood. A CDIB entitles the holder to participate in some government assistance programs." Davis v. United States, 192 F. 3d 951, 956 (10th Cir. 1999).

clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." Nietzke, 490 U.S. at 327 (quoting Hishon, 467 U.S. at 73). Thus, a claim should be dismissed under Rule 12(b)(6) when "it appears beyond doubt that the [P]laintiff can prove no set of facts in support of his [legal] claim which would entitle him to relief." Conley, 355 U.S. at 45-46; Trifax Corp. v. District of Columbia, 314 F.3d 641, 643 (D.C. Cir. 2003).

As a general matter, complaints filed by *pro se* plaintiffs are held "to less stringent standards than formal pleadings drafted by lawyers." Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also Moore v. Agency for Int'l Development et al., 994 F.2d 874, 876 (D.C. Cir. 1993). But a *"pro se* [plaintiff's] complaint, like any other, must present a claim upon which relief can be granted by the court." Cristafi v. Holland, 655 F.2d 1305, 1308 (D.C. Cir. 1981).

It is well settled that federal district courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). They may exercise only as much jurisdiction as is granted to them under the Constitution and by Congress. Id. The Plaintiff bears the burden of establishing the federal jurisdiction upon which his suit relies. Id. Plaintiff, therefore, also has the burden of pleading the requisite jurisdictional facts. See Gibbs v. Buck, 307 U.S. 66, 72 (1939). A complaint must be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction if the action: (1) does not arise under the federal Constitution, law, or treaties, or fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of that section; or (3) the cause

is not one described by any jurisdictional statute. See Baker v. Carr, 369 U.S. 186, 197 (1962).

## ARGUMENT

**I.    PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.**

**A.    Plaintiff's Failure to Allege a Waiver of Sovereign Immunity Warrants Dismissal.**

To the extent Plaintiff's Amended Complaint presents a generic challenge to the issuance or denials of CDIBs, it must be dismissed for lack of jurisdiction. "It is elementary that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" United States v. Mitchell, 445 U.S. 535, 538 (1980) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). In determining when such consent is present, the Supreme Court has long held that "[a] waiver of sovereign immunity 'cannot be implied but must be unequivocally expressed.'" Mitchell, 445 U.S. at 538 (quoting United States v. King, 395 U.S. 1, 4 (1969)); accord College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 682 (1999) and United States v. Nordic Village, Inc., 503 U.S. 30, 33-34 (1992).

The party asserting jurisdiction bears the burden of establishing a waiver of the government's sovereign immunity. In re Al Fayed, 91 F.Supp. 2d 137, 140 (D.D.C. 2000). Any waiver is to be construed strictly in favor of the government. Ruckelshaus v. Sierra Club, 463 U.S. 680, 685 (1983); Library of Congress v. Shaw, 478 U.S. 310, 318 (1986); Trout v. Sec'y of Navy, 317 F.3d 286, 289-90 (D.C. Cir. 2003).

At a minimum, to avoid the bar of sovereign immunity, Plaintiff has a duty to allege a statute evincing a waiver of the United States' sovereign immunity. Lane v. Pena, 518 U.S. 187,

4

192 (1996). Plaintiff has not alleged any such waiver, her complaint is devoid of any mention of statutes through which the United States may have waived its sovereign immunity and there is no basis for asserting such a waiver. To the extent Plaintiff is seeking declaratory judgment against the Defendants, that does not confer jurisdiction upon this Court. To the extent Plaintiff is seeking declaratory judgment against the Defendants, no allegations sufficient to confer jurisdiction have been made. Indeed, the Declaratory Judgment Act, 22 U.S.C. § 2201, is not a waiver of sovereign immunity. See Kennedy v. Rabinowitz, 318 F.2d 181, 186 (D.C. Cir. 1963). And the Declaratory Judgment Act does not constitute an independent basis for jurisdiction. See Schilling v. Rogers, 363 U.S. 666, 677 (1960); Lac Vieux Desert Band of Lake Superior Indians of Michigan v. Ashcroft, 360 F. Supp. 2d 64, 66 (D.D.C. 2004). "Rather, the statute merely creates a remedy in cases within the Court's jurisdiction." Id. (citing C&E Services of Washington v. DC Water and Sewer Authority, 310 F.3d 197, 201 (D.C. Cir. 2002).[2] Plaintiff's failure to allege a waiver of sovereign immunity within the jurisdiction of this Court warrants dismissal.

## II.   *RES JUDICATA* BARS PLAINTIFF'S CLAIMS

To the extent Plaintiff is challenging actions of the Defendants that are specific to Plaintiff, her claims are barred by *res judicata*. Under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues

---

[2]. Nor does this Court have jurisdiction over Plaintiff's claim under the Administrative Procedures Act, 5 U.S.C. § 704. Federal court jurisdiction to review agency action is limited to "final agency action." Id.; Student Loan Marketing Ass'n v. Riley, 907 F. Supp 464 471-72 (D.D.C. 1995).

5

that were or could have been raised." Dynaquest Corp. v. United States Postal Service, 242 F.3d 1070, 1075 (D.C. Cir. 2001), quoting Allen v. McCurry, 449 U.S. 90, 94 (1980).  See also Brown v. Felsen, 442 U.S. 127, 131 (1979); Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 597 (1948).  This is so notwithstanding a plaintiff's view that the first adjudication might have been erroneously decided.  See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981) ("[n]or are the *res judicata* consequences of a final, unappealed judgment on the merits altered by the fact that the judgment may have been wrong . . . ").  "In order for res judicata to apply, defendants must demonstrate the existence of (1) an identity of parties in both suits; (2) a judgment rendered by a court of competent jurisdiction; (3) a final judgment on the merits; and (4) an identity of the cause of action in both suits." Paley v. Estate of Ogus, 20 F. Supp. 2d 83, 87 (D.D.C. 1998).

     Although Plaintiff's claims are not entirely clear, see Amended Complaint, they challenge the denial of her CDIB and her being denied "rights and privileges 'by blood.'" Am. Complt. at 5.  The issue of Plaintiff's CDIB status has already been litigated in the Tenth Circuit.  See Sheron Lea Harrison v. United States Department of Interior, et al., No. 99-7108 (10th Cir., August 28, 2000), attached hereto as Exhibit B, at 2, affirming Sheron Lea Harrison v. United States Department of Interior, et al., Civil Action No. 98-CV-228-S (E.D. Okla., August 23, 1999), attached hereto as Exhibit A.  And Plaintiff's attempt to relitigate these claims have already been determined by this Court to be barred by *res judicata*. Sheron L. Harrison v. Gale Ann Norton, et al., Civil Action No. 01-2188 (CKK) (D.D.C. September 8, 2003), attached hereto as Exhibit C.

On August 28, 2000, the Tenth Circuit affirmed the decision of the Honorable Frank H. Seay, United States District Court Judge, Eastern District of Oklahoma, rendered, in turn, on August 23, 1999, upholding, under the Administrative Procedure Act, 5 U.S.C. § 706, the final decision of the Department denying Plaintiff a CDIB.  See Sheron Lea Harrison v. United States Department of Interior, et al., No. 99-7108 (10th Cir., August 28, 2000), Exhibit B, at 2, affirming Sheron Lea Harrison v. United States Department of Interior, et al., Civil Action No. 98-CV-228-S (E.D. Okla., August 23, 1999), Exhibit A.  Analyzing the sufficiency of the District Court's judicial review of that agency decision under the standards of Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 420 (1971), the Tenth Circuit found that the administrative record submitted by the Department had been adequate, and "adequately discloses the evidence relied upon by the BIA in reaching its decision."  Exhibit B at 4.  The Tenth Circuit concluded that Plaintiff had failed to show that the Department's decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."  Id. at 5, citing Mt. Emmons Mining Co. v. Babbit, 117 F.3d 1167, 1170 (10th Cir. 1997).  "Upon careful review of the briefs, the record and the applicable law, we conclude that Harrison has failed to show that the [Bureau of Indian Affairs'] action should be set aside under this standard."  Exhibit B at 5.

"[T]his circuit . . . has no authority to collaterally review the decisions of a sister circuit." Dynaquest Corp. v. United States Postal Service, 242 F.3d at 1070, 1075.  Even if plaintiff were to argue that the Tenth Circuit was mistaken, this Court lacks jurisdiction over such a collateral attack on the final judgment of that court.  See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. at 394, 398 ("[a] judgment merely voidable because based upon an erroneous view of the law is not

open to collateral attack, but can be corrected only by a direct review . . . "); Fort Sumter Tours, Inc. v. Babbit, 202 F. 3d 349, 354 (D.C. Cir. 2000) (same).

This is not the first time Plaintiff has attempted to relitigate the denial of her CDIB. Unsatisfied with the result in the Tenth Circuit, Plaintiff next sought to relitigate her claims in this Court. On October 18, 2001, Plaintiff filed a Complaint against Gale Norton and Neal McCaleb, challenging the denial of her CDIB and alleging a conspiracy by the defendants. That case was dismissed by this Court on September 8, 2003, as being barred by *res judicata*. See Sheron L. Harrison v. Gale Ann Norton, et al., Civil Action No. 01-2188 (CKK) (D.D.C. September 8, 2003) (the "2003 Decision"), Exhibit C. This Court dismissed Plaintiff's complaint finding that (1) Plaintiff brought both the Tenth Circuit and the complaint in the 2003 Decision against the same officials at the Department of Interior, (2) that the judgment in the Tenth Circuit case was a final judgments on the merits, (3) by a court of competent jurisdiction, and that (4) the claims in both cases involved challenges to the denial of Plaintiff's CDIB. Id. at 4-5.

While Plaintiff's Amended Complaint is not clear, the allegations that relate specifically to her, appears to again place in issue the reasons for the denial of a CDIB. Am. Complt. at 3-4. Her Complaint is thus barred by *res judicata* for the same reasons expressed by this Court in its 2003 Decision. Plaintiff is suing the same Department of Interior Defendants as the Tenth Circuit case and the 2003 Decision in this Court. See Exhibit C at 4. The Tenth Circuit decision was a final judgement on the merits by a court of competent jurisdiction. Id. And the cause of action in both suits -a challenge to legitimacy and rationale of the denial of a CDIB - is the same.

Id.  Accordingly, Plaintiff's Amended Complaint must be dismissed.  See Paley, 20 F. Supp. 2d at 87, exhibit C at 4.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that their motion to dismiss be granted and that Plaintiff's Complaint be dismissed with prejudice.

Dated this 2nd day of February, 2006.

                            Respectfully submitted,

                            SUE ELLEN WOOLDRIDGE
                            Assistant Attorney General
                            United States Department of Justice

                            /s/ Alex Kriegsman
                            Alex Kriegsman
                            Trial Attorney
                            United States Department of Justice/ENRD
                            Natural Resources Section
                            P.O. Box 663
                            Washington, D.C.  20044-0663
                            Tel: (202) 305-3022
                            Facsimile: (202) 305-0506

OF COUNSEL:

Charles R. Babst, Jr.
Attorney-Advisor
Tulsa Field Solicitor's Office
7906 East 33rd Street, Suite 100
Tulsa, OK 74145
(918) 669-7730 (tel.)
(918) 669-7736 (fax)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHERON L. HARRISON,              ) | |
|                 Plaintiff       ) | |
|                 v.              ) | No. 1:05-cv-02060 |
|                                 ) | Hon. Colleen Kollar-Kotelly |
| GALE ANN NORTON, Secretary of the Interior, ) | |
| NEAL McCALEB, Assistant Secretary of the ) | |
| Interior,                          ) | |
|                 Defendants ) | |

**[PROPOSED] ORDER**

This matter having come before the Court on DEFENDANTS' MOTION TO DISMISS, and the Court being advised in the premises,

IT IS HEREBY ORDERED that DEFENDANTS' MOTION TO DISMISS is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Complaint is HEREBY DISMISSED with prejudice and judgment is entered IN FAVOR OF the Federal Defendants.

IT IS SO ORDERED.

DONE THIS _____ DAY OF _____, 2006.

BY THE COURT:      _____
                   JUDGE COLLEEN KOLLAR-KOTELLY

**CERTIFICATE OF SERVICE**

   I hereby certify that on February 2, 2006, a copy of the foregoing Defendant's Motion to Dismiss and Memorandum of Points and Authorities in Support of Motion to Dismiss was served on:

  Sheron L. Harrison
  521 Clinton St., #2
  Sandusky, OH 44870
  419-609-3770
  419-503-5650

   Plaintiff, acting in *pro se* capacity, by causing a full, true and correct copy thereof to be sent, on the date set forth above, by U.S. Mail.

            /s/ Alex Kriegsman
            Alex Kriegsman
            Trial Attorney