# Exhibit A

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

SHERON LEA HARRISON, )
)
Plaintiff, )
v. )
)
) CIV-98-228-S
UNITED STATES DEPT. OF )
INTERIOR; et. al., )
)
Defendants. )

**FILED**
AUG 2 3 1999
WILLIAM B. GUTHRIE
Clerk, U.S. DISTRICT COURT
By_____
Deputy Clerk

<u>ORDER</u>

This is an action instituted by Sheron Lea Harrison, *pro se*, seeking a review of a final decision made by Jack S. Chaney, Acting Muskogee Area Director for the United States Department of the Interior, Bureau of Indian Affairs. On July 17, 1997, Chaney issued his final decision denying plaintiff and her relatives a Certificate of Degree of Indian Blood card. ("CDIB"). This court has jurisdiction to hear this appeal pursuant to 5 U.S.C. Sec. 704 and this review is subject to the Administrative Procedures Act, 5 U.S.C. Sec. 706 ("APA"). This court is obligated to undertake a review of the administrative record, as complied by the defendant and submitted to this court on June 10, 1999, to determine whether the appropriate standard under the APA has been satisfied. <u>Florida Power & Light Company v. Lorion</u>, 470 U.S. 729, 743-44 (1984).

Judicial review of an agency's action is governed by the

1

standards set forth under section 706 of the APA.[1]  Although this

---

[1] 5 U.S.C. Sec. 706 states:
> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning of applicability of the terms of an agency action. The reviewing court shall-
>> (1) compel agency action unlawfully withheld or unreasonably delayed; and
>>
>> (2) hold unlawful and set aside agency action, findings, and conclusions found to be-
>>> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
>>> (B) contrary to constitutional right, power, privilege, or immunity;
>>> (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
>>> (D) without observance of procedure required by law;
>>> (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
>>> (F) unwarranted by the facts to the extent that the facts are subject to trial *de novo* by the reviewing court.

2

standard of review requires the court to engage in a "substantial inquiry" of the record, the "ultimate standard of review is a narrow one" with the court not being "empowered to substitute its judgment for that of the agency." Citizens to Preserve Overton Park, Inc., v. Volpe, 401 U.S. 402, 416, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971).

The Tenth Circuit Court of Appeals has defined the parameters of judicial review under section 706 of the APA as follows:

> ....the essential function of judicial review is a determination of (1) whether the agency acted within the scope of its authority, (2) whether the agency complied with prescribed procedures, and (3) whether the action is otherwise arbitrary, capricious or an abuse of discretion.

Olenhouse v. Commodity Credit Corporation, 42 F.3d 1560, 1574 (10th Cir. 1994).

As a general rule "In cases where Congress has provided for judicial review without setting forth the standards to be used or procedures to be followed in conducting that review, the Supreme Court has advised such review shall be confined to the administrative record..., no *de novo* proceedings may be had." Camp v. Pitts, 411 U.S. 138, 142, 93 S.Ct. 1241, 1244, 36 L.Ed.2d 106 (1973); Citizens to Preserve Overton Park, Inc., v. Volpe,

---

In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

3

401 U.S. 402, 419-20, 91 S.Ct. 814, 825-26, 28 L.Ed.2d 136 (1971); United States v. Carlo Bianchi & Co., 373 U.S. 709, 715, 83 S.Ct. 1409, 1413, 10 L.Ed. 2d 652 (1963) and Franklin Savings Association v. Director, Office of Thrift Supervision, 934 F.2d 1127, 1137 (10th Cir. 1991), cert. denied, 503 U.S. 937, 112 S.Ct. 1475, 117 L.Ed. 2d 619 (1992). There does not appear to be any standards set forth by Congress for conducting this review, thus this court must revert to the general rule.

In her pleadings, plaintiff has suggested the standard of review should be de novo pursuant to 5 U.S.C. Sec. 706 (2)(f). This provision requires a reviewing court shall hold unlawful and set aside an agency action which is "unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court." However, a de novo review based upon 5 U.S.C. Sec. 706 (2)(f) is only authorized under two circumstances:

> when the action is adjudicatory in nature and the agency factfinding procedures are inadequate. And, there may be independent judicial factfinding when issues that were not before the agency are raised in a proceeding to enforce non-adjudicatory agency action. Citizens to Preserve Overton Park, Inc., 401 U.S. at 415.

This court finds that neither situation exists here. First, the plaintiff does not appear to contest the procedures which the agency used for the factfinding process. While plaintiff does not agree with most of the factual findings made by the agency, she does not appear in her pleadings to contest the procedures that were utilized to arrive at those results. Further, the

4

court does not have a situation where new issues are before it in a proceeding to enforce a non-adjudicatory action. As a result, this court finds its review is confined to the administrative record.[2]

Having thoroughly reviewed the administrative record on file, the court concludes the final decision of the United States Department of the Interior, Bureau of Indian Affairs, as issued by Jack S. Chaney, the Acting Muskogee Area Director, should be affirmed. In reaching this conclusion, the court finds the Department of the Interior, Bureau of Indian Affairs, acted within its authority and pursuant to prescribed policies and procedures in determining the plaintiff was not entitled to a CDIB card. Moreover, Chaney's decision was not arbitrary or capricious in that it was the product of reasoned decision making and it is supported by the facts in the record before the court.

First, the court must determine whether the agency acted within the scope of its authority. 25 U.S.C. Sec. 1 states "There shall be in the Department of the Interior a Commissioner of Indian Affairs, who shall be appointed by the President, by and with the advice and consent of the Senate." 25 U.S.C. Sec. 2 states:

> The Commissioner of Indian Affairs shall, under the direction of the Secretary of the Interior, and agreeably to such regulations as the President may prescribe, have the management of all Indian

---

[2] The plaintiff has submitted additional documents for the court to consider, however, this court cannot and will not consider pleadings outside of the administrative record.

5

affairs and of all matters arising out of Indian relations.[3]

Plaintiff made a request for a CDIB card. The issuing of a CDIB card appears to this court to be a management of Indian Affairs. 25 C.F.R. Sec 62.10 (a) gives the Acting Director authority to issue a decision on a CDIB card. Pursuant to the statutory and regulatory laws, the Bureau of Indian Affairs, was the agency with the authority to make this determination. Thus, the Department of the Interior, Bureau of Indian Affairs, was acting within its scope of authority when it made a decision regarding the plaintiff's eligibility for a CDIB card.

Second, this court must examine whether the agency complied with prescribed procedures when it evaluated plaintiff's request for a card. In his letter, Jack Chaney stated:

> In order to receive a Certificate of Degree of Indian Blood Card (CDIB) as a descendant of a member of the Five Civilized Tribes, one must be able to prove direct lineal descent to an enrollee of the Dawes Commission Rolls. A Certificate of Degree of Indian Blood is a certification that an individual has a specific quantum of Indian blood. Certificate for the Five Civilized Tribes are based on review of acceptable records and documents showing the applicant's relationship to one or more enrollees, and certifies only as to the degree of Indian blood calculated from the Final Rolls of Citizens of the Five Civilized Tribes. (Letter of Jack S. Chaney dated July 17, 1997 at 1).

On August 1, 1989, a policy was adopted by the agency which stated:

---

[3]The Chapter title of this statute is "Bureau of Indian Affairs."

6

> Agency Superintendents and the Okmulgee Field
> Representatives are authorized to issue Certificates of
> Degree of Indian Blood to individuals eligible for
> certification, when furnished acceptable proof of
> relationship to an individual enrolled on specified
> rolls for particular tribes or to a person who has
> received a valid CDIB. (Memorandum dated August 1,
> 1989, Record, Doc. 8).

The memo goes on to enumerate the specified rolls. It also documents what forms of proof of lineage are acceptable. Id.

Mr. Chaney's letter indicated the documents submitted by plaintiff were reviewed as well as other documents the agency had at its disposal. It was determined, after a review of the documents, plaintiff was not eligible for a CDIB card because none of the individuals through whom she claims eligibility possessed Indian Blood. (Letter of Jack S. Chaney dated July 17, 1997 at 2). Consequently, the court finds Mr. Chaney, on behalf of the Bureau of Indian Affairs, complied with prescribed procedures in making this determination.

Judicial review under the "arbitrary and capricious" standard requires a district court "to ascertain whether the agency examines the relevant data and articulated a rational connection between the facts found and the decision made." Olenhouse, 42 F. 3d at 1574. In addition to the requirement for a reasoned basis which "focuses on the rationality of an agency's decision making process rather than on the rationality of the actual decision," the "arbitrary and capricious" standard requires a finding that the agency's decision is supported by the factual record. Id. at 1575. In other words, an agency's action

"will be set aside as arbitrary if it is unsupported by 'substantial evidence.'" Id. Here, the court concludes the Bureau of Indian Affairs decision to deny plaintiff a CDIB card was supported by substantial evidence and was not otherwise arbitrary, capricious, or an abuse of discretion.

An individual is only entitled to a CDIB card if it is shown the individual has a specific quantum of Indian blood and certifies only as to the degree of Indian blood calculated from the final rolls. (Letter of Jack S. Chaney dated July 17, 1997 at 1). After reviewing all the documentation submitted by plaintiff it was determined that she was not eligible for a CDIB card because she was not able to show any of the individuals through whom she claimed eligibility possessed Indian Blood. (Letter of Jack S. Chaney dated July 17, 1997 at 2). After a thorough review of the administrative record, this court finds the Bureau of Indian Affairs decision is supported by the record.

This court is uncertain if plaintiff also intended to appeal the decision of the Choctaw Nation to deny her membership in the tribe. Plaintiff seems to indicate in her pleadings that she understood this appeal to be limited to the issues surrounding her denial of a CDIB card by the Bureau of Indian Affairs.[4]

---

[4] In Plaintiff's response to defendant', brief filed July 27, 1999, at 2, Plaintiff states "Argument presented to this court is in regards to denial of right to a CDIB card..". In Plaintiff's Final Arguments filed July 28, 1999, at 2 the plaintiff states "Tribal membership is governed by the Nation CDIB is governed by the Defendant(s)." She also states "Again the decision of the Acting Area Director was denial of Plaintiff's right to CDIB."

8

However, because plaintiff has mentioned her denial of membership in the Choctaw tribe the court will address that issue.

Indian tribes have retained their sovereignty as it relates to issues of tribal membership.[5] United States v. Wheeler, 435 U.S. 313, 322, n.18, 98 S.Ct. 1079, 1085, 55 L.Ed. 2d 303(1978)(stating "Although physically within the territory of the United States and subject to ultimate federal control, they (Indians) nonetheless remain 'a separate people, with the power of regulating their internal and social relations.'") Thus, it appears all parties agree the Choctaw Nation has the right to determine its own membership. To the extent, plaintiff intended to appeal the Choctaw's Nation denial of her tribal membership, this court finds that due to tribal sovereignty, it does not have jurisdiction over that issue. Wheeler at 322, n. 18.

Based on the forgoing reasons, the decision of the Acting Area Director of the Department of Interior, Bureau of Indian affairs is affirmed.

---

Plaintiff's Final Arguments filed July 28, 1999, at 3.

[5]The BIA has the authority to be involved in the appeal of a tribal enrollment or membership decision "when the tribal governing document provides for an appeal of the action to the Secretary." 25 C.F.R. Sec. 62.4 (3). The Choctaw Nation governing documents do not so provide. (Membership Ordinance of the Choctaw Nation of Oklahoma, Record, Doc. 23)

9

IT IS SO ORDERED this 23rd day of August, 1999.

_____
Frank H. Seay
United States District Judge

I hereby certify that the annexed judgment is a true and correct copy of the original on file in my office.

ATTEST:
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
Eastern District of Oklahoma

BY _____
Deputy Clerk

DATED 9/15/99

10