Exhibit C

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHERON L. HARRISON

Plaintiff,

v.

GALE ANN NORTON, *et al.*,

Defendants.

Civil Action No. 01-2188 (CKK)

**FILED**

SEP - 8 2003

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### ORDER

For the reasons set forth in the accompanying Memorandum Opinion, it is, this 8 day of September, 2003, hereby

**ORDERED** that Defendants' Motion to Dismiss [# 12] is GRANTED; it is further

**ORDERED** that Plaintiff's Motion for Partial Summary Judgment [# 17], Defendants' Motion to Stay [#18], Plaintiff's Motion to Expedite Jurisdictional Ruling [#19], and Plaintiff's Motion for Hearing on Jurisdictional Issue [#20], are DENIED AS MOOT.

**PLAINTIFF'S COMPLAINT IS DISMISSED. THIS IS A FINAL, APPEALABLE ORDER.**

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

(N)

22

Copies to:

Sheron L. Harrison
1836 Remington Ave. #3
Sandusky, OH 44870

Lisa S. Goldfluss
Assistant United States Attorney
555 4th St. N.W., Tenth Floor
Washington, D.C. 20530

2003 SEP 10 P 12:36

RECEIVED
U.S. ATTORNEY'S OFFICE
10TH FLOOR RECEPTIONIST
CIVIL APPELLATE DIVISION

Lisa Sheri Goldfluss, Esq.
U.S. ATTORNEY'S OFFICE
Judiciary Center Building
10th Floor
555 Fourth Street, NW
Washington, DC  20001

1:01-cv-02188
dot

------------------------------

------------------------------

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHERON L. HARRISON

    Plaintiff,

v.

GALE ANN NORTON, *et al.*,

    Defendants.

Civil Action No. 01-2188 (CKK)

**FILED**

SEP - 8 2003

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**MEMORANDUM OPINION**
(September 8, 2003)

Currently pending before the Court are Defendants' Gale Ann Norton, Secretary of the Interior, and Neal McCaleb, Assistant Secretary of the Interior for Indian Affairs, (collectively "Defendants"), Motion to Dismiss, Plaintiff Sheron L. Harrison's ("Harrison" or "Plaintiff") Motion for Partial Summary Judgment, Defendants' Motion to Stay All Proceedings Pertaining to Plaintiff Pro Se's Motion for Partial Summary Judgment Pending Resolution of Defendants' Dispositive Motion Seeking Dismissal, Plaintiff's Motion to Expedite Jurisdictional Ruling, and Plaintiff's Motion for Hearing on Jurisdictional Issue. After reviewing Defendants' Motion to Dismiss, Plaintiff's Opposition, and the relevant law, the Court finds that the doctrine of res judicata prevents it from considering Plaintiff's claims. Therefore, the Court shall grant Defendants' motion and dismiss Plaintiff's complaint for failure to state a claim upon which relief may be granted. Consequently, the Court shall deny the remaining motions as moot.

**I: BACKGROUND**

Plaintiff, a *pro se* litigant, filed her complaint on October 19, 2001. Plaintiff's complaint is not entirely clear, but the Court states what it can glean from the pleading. First, Plaintiff

appears to allege a conspiracy to commit fraud by the Defendants' denial of "an original enrolled member 'by blood' to [sic] rights, privileges, and immunities as a Choctaw citizen by blood original enrollee." Compl. ¶ 7. The "original enrolled member" seems to be Cyrus H. Kingsbury, whom Plaintiff asserts is her blood ancestor. *Id.* at 5; *see also id.* ¶ 5. In 1998, Plaintiff challenged the Muskogee Area Director of the Bureau of Indian Affairs's ("BIA") decision to uphold the Choctaw Nation's determination that Plaintiff was not entitled to a Certificate of Degree of Indian Blood ("CDIB") because her purported ancestor, Mr. Kingsbury, although enrolled as a member of the Choctaw tribe on the Final Choctaw Rolls, was found to "have obtained this status as a white person adopted by the tribe . . . rather than by possessing a specific quantum of Indian blood." *Harrison v. Dept. of Interior*, 229 F.3d 1163, 2000 WL 1217841, * 1 (10th Cir. Aug. 28, 2000), *cert. denied*, 531 U.S. 1056 (2000). The Tenth Circuit upheld the district court's affirmance of the BIA's decision. *Id.* Plaintiff's 1998 suit was brought pursuant to the Administrative Procedures Act; the present complaint appears to allege that the same determination by BIA was achieved by a conspiracy to commit fraud. She asks the Court for $1,000,000 for "the delay tactics, and conspiracy to deny and allow fraud." Compl. at 5.

Second, Plaintiff's complaint challenges the BIA's decision to deny her a CDIB by stating that "Defendants are imposing a numbering system based on an unwritten policy of the numerical value of the word 'full.'" *Id.* ¶ 8. According to Plaintiff, Mr. Kingsbury is a "citizen by blood" by virtue of his presence on the Final Roll, and "Defendant[s'] refusal to recognize" him as such "breaches the plenary power of Congress [sic] authority to deem this roll to be final." *Id.* ¶ 4.

On May 15, 2002, Defendants filed a Motion to Dismiss, asking the Court to dismiss

2

Plaintiff's complaint for lack of subject matter jurisdiction and for failure to state a claim, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff opposes this motion. Defendants did not file a reply brief.

## II: LEGAL STANDARD

In reviewing a motion to dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) a court will not grant the motion "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Accordingly, at this early stage in the proceedings, the Court assumes the veracity of all factual allegations set forth in Plaintiff's Complaint. *See Doe v. United States Dep't of Justice*, 753 F. 2d 1092, 1102 (D.C. Cir. 1985). Moreover, "[t]he complaint must be 'liberally construed in favor of the plaintiff,' who must be granted the benefit of all inferences that can be derived from the facts alleged." *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979). This is particularly so when the plaintiff brings her suit *pro se*. *See Razzoli v. Fed. Bureau of Prisons*, 230 F.3d 371, 374 (D.C. Cir. 2000). Nonetheless, the Court is not bound to accept the legal conclusions of the non-moving party. *See Taylor v. FDIC*, 132 F.3d 753, 762 (D.C. Cir. 1997).

## III: DISCUSSION

A review of Plaintiff's complaint, the briefings, and the relevant law, leads the Court to conclude that Plaintiff's claims are all barred by the doctrine of res judicata. As the Supreme Court has explained

> The federal courts have traditionally adhered to the related doctrines of res judicata and collateral estoppel. Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could

3

> have been raised in that action. *Cromwell v. County of Sac*, 94 U.S. 351, 352, 24 L.Ed. 195. Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case. *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210. As this Court and other courts have often recognized, res judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication. *Id.*, at 153-154, 99 S.Ct., at 973-974.

*Allen v. McCurry*, 449 U.S. 90, 94 (1980). "In order for res judicata to apply, defendants must demonstrate the existence of (1) an identity of parties in both suits; (2) a judgment rendered by a court of competent jurisdiction; (3) a final judgment on the merits; and (4) an identity of the cause of action in both suits." *Paley v. Estate of Ogus*, 20 F. Supp. 2d 83, 87 (D.D.C. 1998).

The Court finds that the first prong of the res judicata analysis is satisfied. Plaintiff brought both suits, and the Defendants in the present suit are officials[1] of the Department of the Interior which was the defendant in the first suit. *See Harrison* 229 F.3d 1163, 2000 WL 1217841. In addition, no one contests that the judgment in the prior case was not a final judgment on the merits or that the courts involved lacked jurisdiction. Therefore, the second and third prongs of the analysis are satisfied. Finally, all of Plaintiff's present claims involve the

---

[1] Plaintiff has provided the Court with no basis to find that she is suing Defendants in their personal capacities rather than their official capacities. She notes in her complaint that Defendant Norton "is charged by law with carrying out the duties and responsibilities of the United States," and that Defendant McCaleb "is the delegate of defendant [Norton] for the carrying out of his responsibilities." Compl. ¶¶ 10-11. Plaintiff's Opposition brief does little to clarify matters, but even if it did, the Court is not certain it could give such arguments much weight. *See Henthorn v. Dept. of Navy*, 29 F.3d 682, 688 (D.C. Cir. 1994) ("The purpose of a motion to dismiss is to assess the validity of the *pleadings*. To require that trial courts accept as true factual allegations made in legal memoranda, which form no part of the official record, when those allegations directly contradict the facts set forth in the complaint, would be to stretch Rule 12(b)(6) far beyond even the generous pleading standards that we apply to *pro se* plaintiffs.") (citations omitted, emphasis in original).

4

BIA's determination that Plaintiff's ancestor, Mr. Kingsbury, was not a "citizen by blood' of the Choctaw Nation of Oklahoma. This is precisely what Plaintiff challenged in her suit in the Tenth Circuit. As the Supreme Court instructs, Plaintiff is estopped from "relitigating issues that were *or could have been raised in that action.*" *Allen*, 449 U.S. at 94 (emphasis added). Plaintiff does not provide any reason for why her fraud and conspiracy claims could not have been brought with the original suit. Instead she contends that this Court should reexamine the BIA's and the Tenth Circuits's "erroneous" determinations. Pl.'s Opp'n at 5-7. The Court cannot do this. As the Supreme Court has explained,

> an "erroneous conclusion" reached by the court in the first suit does not deprive the defendants in the second action of their right to rely upon the plea of res judicata. A judgment merely voidable because based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review and not by bringing another action upon the same cause of action.

*Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 393 (1981) (quoting *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 325 (1927)) (internal quotation marks and ellipses omitted).

Accordingly, the Court finds that all of Plaintiff's claims are barred by the doctrine of res judicata. **A final, appealable Order accompanies this Memorandum Opinion.**

Date: September 8, 2003

COLLEEN KOLLAR-KOTELLY
United States District Judge