UNITED STATES  DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHERON L. HARRISON                                     }
                                                       }
            Plaintiff                                  }
                                                       }
      vs.                                              }              01:05:CV-2060 CKK
                                                       }
                                                       }              Hon. Colleen Kollar-Kotelly
  GALE ANN NORTON, Secretary of the Interior           )
                                                       }
NEAL McCALEB, Assistant Secretary of Interior          }
                                                       }
            Defendant (s)                              }

PLAINTIFF'S
RESPONSE TO DEFENDANT 'S
MOTION TO DISMISS

      The Defendant (s) motion to have this complaint dismissed must not be granted for the

foregoing reasons.

      A federal question is before this court 28.U.S.C. 1331  as to the finality of a "by blood"

role of Act of June 28, 1898, 30 Stat, 495, 502-503 and Defendant (s) authority

5 U.S.C. 301 Sec 463, 465 and 25 U.S.C. 2, 9 and 5 U.S.C. 701 *et seq.* (The Administrative

Procedure Act), "APA".

      "It is a cognizable right to have a federal court make an actual determination essential to

the resolution of a federal question." Montana v U.S., 440 U.S 147 {1979). The resolution to

have the question specifically answered is essential to the resolution of the matter.

Matters before this court are the following therefore, "the cause of action involved in the second proceedings is not swallowed by the judgment in prior suit." Commissioners v Sunnen, 333 U.S. 591 (1981).

1. Due Process

2. Defendant (s) to hold true to their policy.

3. The final roll of Choctaw by Blood created members and not the CDIB

4. Discretionary authority of the Defendant (s) against the 'by blood' roll mandated by Congress, an Act of Congress.

5. Rights and privileges of an original enrollee on the Choctaw by Blood roll.

6. The Defendant (s) stating that Cyrus H. Kingsbury, listed on the Final Roll of Choctaw by Blood, opposite Roll #15679 is Choctaw by Blood but he his not Indian is arbitrary.

In support of this Response, Plaintiff submit the accompanying Issues and Points that must be addressed.

WHEREFORE, the Plaintiff respectfully request that the Defendant (s) Motion to Dismiss be denied and the court proceed with matters before it.

Respectfully submitted,

SHERON L. HARRISON, Pro-Se
521 Clinton St, #2
Sandusky, OH  44870
419-609-3770  home
419-503-5650  cell

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHERON L. HARRISON                    }
                                      }
        Plaintiff                     )
                                      }        No. 1-05-cv-02060
                                      }
                                      }        Hon. Colleen Kollar-Kotelly
        v                             }
                                      }
GALE ANN NORTON, Secretary of Interior }
NEAL McCALEB, Assistant Secretary of   }
Interior                              }
                                      }
        Defendant (s))                }
_____

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
PLAINTIFF' RESPONSE TO DEFENDANT (S) MOTION TO DISMISS**

# TABLE OF CONTENTS

Table of Contents...............................................................................i

Cases...........................................................................................ii

Due Process & Policy..............................................................1

Rights and Privileges of Original Enrollee.................................3

The Choctaw by Blood Roll......................................................4

Res Judicata.............................................................................6

Conclusion..............................................................................11

**CASES:**

Adams vs. Morton, 581 F2d 1314 (9th Cir. 1978)...........................................5

Cablevision System Dev. Co. v Motion Pictures Ass'n of America,
 839 F2d 599 (D.C. Cir 1988)........................................................8

Central States Motor Freight Bureau, Inc. v I.C.C. 924 F.2d 1099 (D.C. Cir. 1991)............9

 Chevron U.S.A v Natural Resources Defense Council, 467 U.S. 837............................9

Citizens to Presever Overton Park v Volpe, 401 US 402, 28 L Ed 136, 91 S Ct 814 (1971).....10

Commission v Sunnen, 333 U.S. 591 (1948).........................................8

Davis v U.S., 192 F.3d 951 (10th Cir 1999)...........................................4.

Garfield v Goldsby, 211 U.S. 249 (1908)...................................4...5.....9...10

Ickes v Pattison, 65 App. D.C. 116, 80 F.2d 708 (1935)...........................................4

Interoceanica Corp. v Sound Pilots, Inc.  107 F.3d, 86 (2nd Cir. 1997.............................6..8

Malone v Bureau of Indian Affairs, 38 F.3d 433, at 437 (9th Cir. 1994)...........................10

Mich, Citizens for an Indep. Press v Thornburgh, 868 F2d 1285 (D.C. Cir 1989)..................8

Montana v U.S., 440 U.S. 147 (1979).........................................10

Public Citizen v Burke, 843 F2d 1473 (D.C. Cir 1988).........................................8

Stanton v District Court of Columbia Court of Appeals,
 127 F3d 73 (D.C. Cir. 1997)...............................................2....8

United States v Ferguson, 247 U.S. 175 (1918)...........................................6

Ware v Beach, 322 P.2d 635 (Sup. Ct. Ok. 1958).........................................5.

Wisconsin Public Intervenor v. Montier, 501 U.S. 597 (1991).........................................4

Zarr v Barlow, 800 F3d 1484 (9th Cir. 1986)...........................................3. .4..6

STATUTES

Act June 28, 1898, 35 Stat 495
Act June 21, 1906, 34 Stat 325


Administrative Procedure Act "APA"

5 U.S.C 701 et.seq
5 U.S.C 706

Curtis Act, 30 Stat 495


25 U.S. 301
25 U.S. 2, 9
25 U S C 199

OTHER

Kaplar Laws, 1982

The Index and Final Rolls of Citizens and Freedman of the Choctaw
        and Chickasaw Tribes in Indian Territory Approved by Act of
        Congress June 21, 1906, 34 Stat. 325

EXHIBITS

Certified copies of excerpts *Index and Final Rolls, Choctaw by Blood*

DUE PROCESS & POLICY

First and fore most Choctaw by Blood roll itself created the members not the CDIB  I have no knowledge of a new roll of Five Civilized Tribes by blood made or being made, only the roll created and finalized in 1907. According to Defendant (s) policy one must show birth and death records back to the original enrollee on the 'by blood' roll; therefore the Defendant (s) understand this dilemma as the roll make the members and not the CDIB.

The understanding as to the Defendant (s) issuance of CDIB to the 'by blood' members of the tribe is understood; however, the roll used, Final Roll of Choctaw by Blood, is to suggest the this final roll is not a roll of Choctaws by blood and the CDIB is a means to fix it.

On May 26, 2005 an application for a Certificate of Indian Blood with copies of birth and death records leading back to ancestor on the roll known as the 'by blood roll'. This was done in accordance with policy of the Defendant (s); in order to receive one must show lineal . On September 13, 2005, I received my birth and death certificates with a copy of the letter of final denial dated July 17, 1997, and no mention of my application of May 27, 2005; however, the attachments were not returned.  No policy or procedure was applied or at least due process of my application.

The policy simply states to show lineal descent to an original enrollee  The Defendant (s) has continually stated that to determine eligibility the final roll is used. *The Index and Final Rolls of Citizens and Freedman of the Choctaw and Chickasaw Tribes in Indian Territory* Approved by Act of Congress June 21, 1906, 34 Stat. 325.  This Index is simply the alphabetical listing of the mandate by Congress to make a final roll.  Act of June 28, 1898, 35 Stat 495,

1

502, 503 which specifically states in clear language a 'by blood' roll is to be made. The listing is separate as to 'by blood', 'freedman' and "IW" and minors of the tribes, separate but equal as to the finality of the entire roll.

I submit to this court certified copies of (partial) respective pages of the role itself to show that the listing is separate and that the *Index* is a mere alphabetical listing. Under 25 U S C 199 (a) the Oklahoma Historical Society shall act as a Federal Agent when copies are certified accordingly. See Plaintiff Exh. A, Exh. B.

My ancestor, Cyrus H. Kingsbury, is listed on the "*Final Roll Choctaw by Blood*", see Exhibit A, pg 94, No. 15679 as well as the *Index, Choctaw by blood,* Exhibit B, pg 48. The sections of the roll is also noted in the Exhibits to also make known to this court and to the Defendant (s) that Congress mandate did not simply make one listing of all the citizens of the tribe but a separate listing was made; thereby to distinguish one citizen from another.

The question was never specifically answered as to the Defendant (s) to follow their policy. As well as due process of my application of 2005 with understanding that the Defendant (s) follow the policy. Thus, "the procedures that he assails will govern future petitions." Stanton v District Court of Columbia Court of Appeals, 127 F.3d 72, (D.C. Cir. 1997) I was not allowed to raise any issue outside the administrative record; therefore, "one should perhaps be free to litigate a specific denial without the lawsuit's acquiring such an omnivorous (and costly) character." Stanton at 79.

2

RIGHTS AND PRIVILEGES OF ORIGINAL ENROLLEE

To understand the idea of what a CDIB entitles and why one is to be issued the Defendant (s) state that it determines rights and privileges under numerous federal statute. My ancestor an original member on the 'by blood' roll #15679 is being denied access to Indian Self Determination and Education Assistant Act, 25 U.S.C., 450,  Indian Financing Act, 25 U.S.C. 1603 (c)  or Indian Health Care Improvement, 25 U.S.C 1452 (b).  see Zarr v Barlow, 800 F.3d 1484 (9th Cir. 1986).  In demonstrating Congressional intent of benefit's the Sponsor of the Act announced in Zarr at 1492.

> "I introduced this bill for various reasons, including the fact that for all BIA services, except education, membership in a federally recognized tribe is the sole criteria for eligibility."

> In understanding of the issue of membership in a tribe is governed by the tribes and there is no argument of that issue for it is not allowed.

However, the legal matter here is the Defendant (s) suggesting that one original enrollee on the *Final Roll Choctaw by Blood* does not constitute the right to be recognize as an original member by blood and be allowed benefit under Federal Statutes.  Notwithstanding that courts continually rule that a member of a tribe is eligible.  Zarr   However, an original member on a roll by blood (Exh. A) and the lineal descendant are being denied under the demise of a CDIB governed by the Defendant (s).  Therefore to be an original enrollee on a by blood roll but be denied access under the demise of the requirement of a CDIB is contradictory to the ruling of Zarr.  With this in mind the roll itself made the members not the CDIB; therefore, it must be said

3

that the Defendant (s) are underminding court ruling. An original member on the *Final Roll Choctaw by Blood*, would surely come under the standards of Zarr. The *Final Roll Choctaw by Blood* list my ancestor and yet the Defendant (s) attack the roll in saying the roll is not a true listing of the Choctaw by Blood and their discretionary authority in issuance of CDIB allow them to deny. My ancestor met the same criteria as all others to be enrolled on the *Final Roll Choctaw by Blood*; however, with policy in hand the Defendant (s) choose to announce the roll is not a true listing. This tactic underminds the long standing ruling of this circuit and the Supreme court, "once one has acquired right by administrative or judicial proceedings he cannot be deprived of them without notice", Garfield v Goldsby, 211 U.S. 249 at 262 (1908).

This is not to argue or reargue but simply to have the policy followed and the Defendant (s) not add nor take away from the *Final Choctaw by Blood* roll.

THE CHOCTAW BY BLOOD ROLL

"In 1906, the Dawes Commission, acting pursuant to Congressional authority, created two authoritative membership rolls". Davis v U.S., 192 F.3d 951 (10th Cir. 1999). As well as "the conclusive integrity of the roll, as fixed by the terms of the statute, cannot be questioned." Ickes v Pattison, 65 App. D.C.116, 80 F.2d 708 (1935).

Congress to mandate separate listing of the citizens of the Five Civilized Tribes and then the Defendant (s) to use that roll to under mind its integrity is before this court. "a committee of Congress can not take language that could only cover 'flies' or mosquitoes' and tell the courts

4

that it really means 'ducks'. <u>Wisconsin Public Intervenor v. Montier</u>, 501 U.S. 597, at 611n (1991).

In 1893 Congress appointed a commission (the "Commission to the Five Tribes" or the "Dawes Commission").    In 1898 Congress enacted the Curtis Act, 30 Stat 495.  The Curtis Act provided the land of the Five Tribes be allotted without the consent of the tribes. This Act required the Dawes Commission to make "rolls" of the citizens or members of the Tribes.  Act June 28, 1898, 35 Stat. 495, 503. The rolls once made and approved by the Secretary of Interior were deemed final by Congress.  Supreme Court ruling upon completion of the rolls show the finality of the rolls. "Having approved the final rolls, the Secretary had exhausted his discretion. His approval of enrollment ended authority to him." <u>Garfield</u> at 253.

The Curtis Act contained elaborate stipulations regarding enrollment, providing for two rolls for each of the Five Tribes, one tracing rights through former slaves, called the Freedman roll; the other tracing rights through Indian Blood, called the Indian Roll. See Kaplar Laws, 1982, Enrollment Chapter 23, pg 431.  In this Act the listing was not continual with all citizens on one list, separate listing and enrollment were made to separate the 'by blood' from the 'freedman.  The rolls were closed by the 1906 Act, 24 Stat. 137, 138.

When the intent of Congress is clearly expressed courts can not strain to interpret the statute, "legislative will must be ascertain from the text of the statute if the words are clear and plain." <u>Adams v Morton</u>, 581 F2d 1314, 1320 (9th Cir. 1978), cert. Denied 440 U.S. 958, 99 S. Ct 1498, 59 L.Ed.2d (1979).

5

As some court have suggested that proof of enrollment does not constitute by blood

status. <u>Ware v Beach,</u> 322 P.2d 635, at 638 (Sup.Ct.Ok. 1958). It is well understood that the

Statute mandated a listing of the Freedman and Intermarried white of the tribes; however, the

distinction being the 'by blood' listing were to be the Indians of the tribes. My Exhibits show

that different roll were made to show this distinction. However, <u>Zarr</u> suggesting as one being a

by blood member of the tribe makes one eligible for various program and yet the Defendant (s)

suggest that being an original member enrolled on the *Final Roll Choctaw by Blood* does not

constitute rights to be acknowledged as an original enrollee by blood thereby denying any type of

benefit. *Exhibit A & B.*


RES JUDICATA

Under res judicata a final judgment on the merits bar further actions; however, before this

court does not contain the same transaction. The fact that this claim stems from an application in

2005 with this complaint being that the Defendant (s) did not follow policy falls under 'whether

the underlying facts are related in time, space, origin, or motivation". <u>Interoceanica</u> at 90.  I

submit the prior proceeding may be overlapping; however, "yet, they give rise to separate

statutory wrongs. <u>Interoceanica</u> at 91. The Defendant (s) may have discretionary power in

regards to CDIB; but the discretionary power to undermind *Final Roll Choctaw by Blood* is

before this court. The prior ruling simply allowed the Defendant (s) to state that my ancestor was

not by blood. It was never actually decided that if the *Final Roll Choctaw by Blood* are the by

blood members, my ancestor is on that roll see Exh A, does the discretionary power of the

6

Defendant (s) allow this roll to be considered on an ad hoc basis other than to simply require birth and death records.

I submit that in time span of dealing with the Defendant (s) with the same birth and death records they Defendant (s) were eager to give me a Freedman card, but when I submitted the same for my ancestor on the *Final Roll Choctaw by blood* I was told that I had to prove he was by blood. Notwithstanding that he is on the *Final Roll Choctaw by blood.* Exh A.

In order for courts to consider a federal question the question must meet test; one being the question must be a part of case rather than a part of defense. This issue is a matter of understanding the meaning of a *Final Roll Choctaw by blood* mandated by Congress and the rights to be recognize as an original enrollee. The federal question must be substantial rather than trivial. This issue is a grave importance in order for Congress being the legislative body of this great nation and its agencies rules and regulation regarding the discretionary power of that agency. A Congressional statute in regards to a treaty made by Congress to mandate a listing of the Choctaws by blood and that listing (roll) be held at the discretionary power of an agency notwithstanding that Congress made it final.

The Defendant (s) have not shown that more than one reasonable interpretation exist for Congress has not directly spoken to the precise question now before this court. Is the *Final Roll Choctaw by Blood* a true listing of the Choctaw by Blood or is it not? The Defendant (s) have discretionary power to visit the by blood on an ad hoc basis other than to determine lineal heirs?

A CDIB is a mean to allow the by blood members and their lineal descendants to obtain federal benefits, rights and privileges as Choctaw by blood; however, it can not be used to revisit

7

a roll that Congress has deemed final. "We have previously rejected the notion that *Chevron* deference is based solely on agency expertise." Mich. Citizens for an Indep. Press v Thornburgh, 868 F.2d 1285, at 1293 (D.C. Cir. 1989; Public Citizen v Burke, 843 F.2d, 1473, 1477 (D.C. Cir. 1988), Cablevision Systems Dev. Co. v Motion Picture Ass'n of America, 839 F.2d 599, 608-609 (D.C. Cir. 1988).

The estoppel of a judgment is only presumptively conclusive, when it appears that the judgment could not have been rendered without deciding the particular matter brought in question. Commission v Sunnen, 333 U.S. 591, at 600 (1981). The merits of this issue was not actually decided. Interoceanica, at 92. "We might hesitate to apply claim preclusion to constitutional attacks that a party could have brought but did not in litigation over past transaction." Stanton, at 79.

In order for the prior ruling to be conclusive a decision regarding the Defendant (s) policy must be had in that the Defendant (s) policy which is simply one must prove lineal descent to an original enrollee on the by blood roll. Notwithstanding that relevant case law confirms that the approved Dawes rolls, *Final Roll Choctaw by Blood* are "controlling". See, e.g. United States v. Ferguson, 247 U.S. 175 at 176 (1918). Thus suggesting that the roll is the basis for determining only if ones ancestor is on the by blood rolls and no other parts of any Administrative record other than the birth and death records leading to the original enrollee are to be considered.

The CDIB is a part of the factual grouping or transaction; however, the issues presented at this time is regarding an application of 2005 and a arbitrary power by the Defendant (s) to suggest that the *Final Roll Choctaw by Blood* is not a true listing of the Choctaw by Blood.

8

Has Congress specifically addressed this matter that the *Final Roll Choctaw by Blood* is not a true listing of the Choctaw by Blood and therefore the agency is left with discretionary power to reconsider on an ad hoc basis those listed. "Whether Congress has, 'directly spoken to the precise question at issue" Central States Motor Freight Bureau, Inc. v I.C.C. 924 F.2d 1099 at 1104 (D.C. Cir. 1991) citing Chevron U.S.A v Natural Resources Defense Council, 467 U.S. 837 at 843 n.9.

I am simply requesting that the Defendant (s) go by its policy. I provided birth and death records back to my ancestor, Cyrus H. Kingsbury, Choctaw by Blood Roll # 15679. I am simply asking that if the roll is deemed and named and called and known as *Final Roll Choctaw by Blood,* does the Defendant (s) discretionary power also include suggesting that it is not a true listing at this late state of the game. Notwithstanding that Congress deemed it final and this circuit and the Supreme courts state "he has lost all discretionary power" but the CDIB allows such a discretionary power to exist with Defendant (s) power to say rights and privileges of an original enrollee on the Final Roll Choctaw by Blood are only available to the ones that hold CDIB; notwithstanding that court rule that being a member allow benefit and surely my ancestor fits the criteria of member. The Defendant (s) are telling me that even though the *Final Roll Choctaw by Blood* acknowledge that he is a member all rights are lost at the discretionary power of the Defendant (s). The Defendant (s) did not consider that the idea/ fact that the *Final Roll Choctaw by Blood* contained only the Choctaw by Blood because, " the agency did not consider

9

the issue because doing so would usurp the agency's authority." Malone v Bureau of Indian

Affairs, 38 F.3d 433, at 437 (9th Cir. 1994). Supreme Court has ruled that all discretionary power

has been lost. Garfield, at 253. Unless I am to understand and the public is to understand that

the Final Roll Choctaw by blood really means Final Roll Choctaw by blood and Others.

THEREFORE, I pray that this court will deny the Defendant (s) Motion to Dismiss and

undertake this matter to resolve the issue hold unlawful and set aside agency action which is

unwarranted by the facts to the extent that the facts are subject to trial de novo. "There is no

place in our constitutional system for exercise of arbitrary power, and the courts have the power

to restore the status of parties aggrieved by the unwarranted action of a public official." Garfield

at 253. The *Final Roll Choctaw by Blood* can not be used at the mercy of the Defendant (s)

discretionary power at this late stage. "It is a cognizable right to have a federal court make an

actual determination essential to the resolution of a federal question." Montana v U.S. 440 U.S.

147 (1979).

A Final Roll is left to the integrity of this court to answer the concerns essential to the

resolution of this matter. A certified copy of *Final Roll Choctaw by Blood* is attached as an

exhibit in hopes that this court will undertake this matter of grave importance for to do anything

to the other is over looking law against a Supreme Court ruling in asserting that all discretionary

power has been lost. It is up to Congress to deem the roll is not a true listing of the Choctaws by

blood and not the Defendant (s). The *Final Roll Choctaw by Blood* must be a roll of the

Choctaw by Blood members. Exh. A  I pray this court will engage in substantial inquiry as to

10

whether the Secretary acted within the scope of his authority. <u>Citizens to Preserve Overton Park</u>

<u>v Volpe,</u> 401 U S 402, 28 L Ed 136, 91 S Ct 814 (1971). Unless I am to understand that the *Final*

*Roll Choctaw by Blood* is really a Final Roll Choctaw by Blood and Others; however that was

not the mandate of Congress. I am before this court regarding the *Final Roll Choctaw by Blood*

With understanding that their were other sections of the Rolls of the Five Civilized Tribes for

this was the section used against me, Choctaw by Blood Roll No. 15679. See Exh A.,B.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully request that the Defendant (s)

Motion to Dismiss be denied and the matter before this court be addressed.

Dated this 28th day of February, 2006

Respectfully submitted,

SHERON L HARRISON, PRO SE
521 Clinton St, #2
Sandusky, OH  44870
419-609-3770 - home
419 503 5650  - cell

11

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHERON L. HARRISON,                    }
                                       }
            Plaintiff                  }
                                       }          No. 1:05-cv-02060
                                       }
        vs.                            }          Hon. Colleen Kollar-Kotelly
                                       }
                                       }
GALE ANN NORTON, Secretary of Interior }
NEAL McCALEB, Assistant Secretary      }
  Of the Interior                      }
                                       }
            Defendants                 }
_____}

**[PROPOSED] ORDER**

This matter having come before the Court on PLAINTIFFS' RESPONSE TO

DEFENDANT (S) MOTION TO DISMISS and the Court Being advised in the premises,

IT IS HEREBY ORDERED that PLAINTIFFS' RESPONSE TO DEFENDANT

(s) MOTION BE GRANTED.

IT IS FURTHER ORDERED that Defendant (s) Motion is HEREBY DENIED

and this complaint is to proceed accordingly.

IT IS SO ORDERED.

DONE THIS _____DAY OF _____, 2006

BY THE COURT ORDER:

                              _____
                              JUDGE COLLEEN KOLLAR-KOTELLY

## CERTIFICATE OF SERVICE

I, hereby certify that a true and correct copy of Plaintiff's Response to Defendant (s) Motion to Dismiss and Issue and Arguments was placed in U.S. Mail on February 28, 2006, with proper postage to:

    Alex Kriegsman
    Trial Attorney
    United States Department of Justice/ENRD
    Natural Resources Section
    P.O. Box 663
    Washington, D.C. 20044-0663

Sheron L. Harrison, Pro-Se
521 Clinton St, #2
Sandusky, OH 44870
419 609-3770 home
419 503- 5650 cell

Exhibit  A

# FINAL ROLL CHOCTAWS BY BLOOD

Ages calculated to Sept. 25, 1902.



94

## FINAL ROLLS OF CITIZENS AND FREEDMEN OF THE FIVE CIVILIZED TRIBES.

95



FINAL ROLLS OF CITIZENS AND FREEDMEN

OF THE FIVE CIVILIZED TRIBES.

FINAL ROLL OF MINOR CHOCTAW CITIZENS BY BLOOD.

Act of April 26, 1906.

Ages calculated to March 4, 1906.

108

109

124

## FINAL ROLLS OF CITIZENS AND FREEDMEN

## FINAL ROLL OF CHOCTAW FREEDMEN.

Ages calculated to September 25, 1902.

## OF THE FIVE CIVILIZED TRIBES

125

Exhibit  B



## 48

### CHOCTAWS BY BLOOD

| Name | Roll No. | Name | Roll No. |
|---|---|---|---|
| King, Ina | 9383 | Klugh, Eliza | 9986 |
| King, Mary J. | 9614 | Koozer, Charles H. | 9744 |
| King, Sallie | 9615 | Krebbs, Fred | 7610 |
| King, Jesse | 10718 | Krebbs, Milton A. | 7610 |
| King, Mitchell | 11104 | Krebbs, Pearl M. | 7611 |
| King, Silas | 11105 | Krebbs, Benjamin | 14388 |
| King, Anderson | 11324 | Krebbs, Mary | 14389 |
| King, Medee | 11325 | Krebbs, Aggie | 14390 |
| King, Anderson Jr. | 11326 | Krebbs, Eveline | 14391 |
| King, Nelson | 11327 | Krebbs, Odus | 14392 |
| King, Hinson | 11386 | Krebbs, Hubert | 14393 |
| King, Anderson | 11388 | Krebbs, John | 14394 |
| King, Charley | 12931 | Krebbs, Minnie H. | 14438 |
| King, Harris | 12983 | Krebbs, Teila V. | 14440 |
| King, Johnina | 12988 | Krebbs, Dona | 16526 |
| King, Frances | 19078 | Krieger, Margaret A. | 12985 |
| King, Ellie | 18879 | Krieger, Chrystal E. | 12986 |
| King, Charles | 18910 | Krieger, Eva | 12987 |
| King, Levonia | 13410 | Krieger, Catherine | 12988 |
| King, Gilbert | 13411 | Krieger, Rosa M. | 12994 |
| King, Susan | 13538 | Krieger, Charles F. | 12998 |
| King, Mary A. | 13582 | Krieger, Irena S. | 12999 |
| King, Hazen | 18811 | Krieger, David | 13001 |
| King, Jackson | 18812 | Krieger, Frances M. | 13002 |
| King, Sibble | 18814 | Lambert, Emma | 9406 |
| King, Willie | 18917 | Lawrence, Osborne S. | 9407 |
| King, Robert | 14042 | Lawrence, Pikey | 9407 |
| Klugh, Willis | 14047 | Lawrence, Frank | 9529 |
| Klugh, Gilbert | 14048 | Lawrence, Joseph | 9529 |
| Klugh, George | 7867 | Lawrence, Anna | 10297 |
| Klugh, Addie | 7888 | Lawrence, Lucy | 10993 |
| Klugh, Alice | 7889 | Lawrence, Betsey | 11001 |
| Klugh, Levina F. | 7098 | Lawrence, Silas | 11096 |
| Klugh, Tennessee | 8021 | Lawrence, J. Zilo | 11110 |
| Klugh, Kate | 8663 | Lawrence, Ross A. | 11097 |
| Kirby, Myrtle | 8663 | Lawrence, Adam | 14818 |
| Kirby, Ed | 8864 | Lawrence, Joseph | 14818 |
| Kirby, Rena M. | 8995 | Lawrence, Hopewell | 15926 |
| Kirkpatrick, Rosetta | 8009 | Lawrence, Gertrude | 14928 |
| Kirkpatrick, Edward | 6037 | LaFlore, Osborne | 2064 |
| Killingsworth, Serena B. | 6288 | LaFlore, Daniel | 14906 |
| Killingsworth, Eleonora | 8829 | Ladlow, Jenney | 14907 |
| Killingsworth, Magnolia T. | 8467 | Labor, Parmelia | 3069 |
| Kinlow, Nellie | 8498 | Labor, Caroline | 3070 |
| Kinlow, Willie | 7065 | Labor, Sarah J. | 8072 |
| Kinlow, Eva | 7066 | Labor, Ena | 3073 |
| Kirksendall, Sarah | 16510 | Labor, Phoebe | 3072 |
| Kirksendall, Amanda | 16511 | Labor, Ellen | 3072 |
| Kirksendall, William | 16510 | Labor, Willie | 3078 |
| Kirksendall, Willie Ines | 16812 | Labor, Ethol M. | 9746 |
| Kirksendall, Ada Lee | 16313 | Labor, Virgie | 9747 |
| Kingsbury, Cyrus M. | 16919 | Labor, Rena M. | 11005 |
| | | Labor, Arizona | 11008 |

## 49

### CHOCTAWS BY BLOOD

| Name | Roll No. | Name | Roll No. |
|---|---|---|---|
| Labor, Nannelle A. | 11009 | Leowright, Pearl | 106 |
| Labor, Victoria | 15843 | Leowright, Lizzie | 107 |
| Lawhayn, Joshua | 3459 | Lesile, Clifford | 487 |
| Lawhayn, Isabel | 2468 | Lesile, Robert E. | 488 |
| Latimer, Ruby M. | 4025 | Lesile, Beatrice | 489 |
| Lemons, Selina | 1487 | Lewis, Sarah | 907 |
| Lemons, Adaline | 1009 | Lewis, James | 921 |
| LaForce, Catherine | 941 | Lewis, Sookie | 937 |
| Lane, Rosa | 10602 | Lewis, Little | 946 |
| Lane, Bertha | 10606 | Lewis, Sina | 1197 |
| Ladd, Cherie | 7577 | Lewis, Nancy | 2618 |
| Lanier, Robinson | 7889 | Lewis, John | 2645 |
| Lanier, Edward Jr. | 7842 | Lewis, Emma | 4982 |
| Lanier, Jerry | 16433 | Lewis, Ronda | 4922 |
| Lankford, William F. | 9440 | Lewis, Simeon | 5106 |
| Lankford, Cornelia, Roll | 9442 | Lewis, William | 5107 |
| Lancaster, Julia Y. | 9656 | Lewis, Arvenie | 6805 |
| Lauchner, Fannie | 10607 | Lewis, Catherine | 6806 |
| Lauchner, Fidelia E. | 10609 | Lewis, Silas | 6191 |
| Lanz, Annie M. | 12672 | Lewis, Dixon | 6427 |
| Lanz, Benjamin | 12673 | Lewis, Charlie | 6672 |
| Landis, Joseph E. | 12711 | Lewis, Amile | 7886 |
| Landis, Myrna Edmon | 12713 | Lewis, William H. | 7891 |
| Landurdale, William | 18138 | Lewis, Winnie | 7992 |
| Lawrence, Bellie | 14822 | Lewis, Willie G. | 7992 |
| Lasley, Cldde Lee | 16696 | Lewis, Elizabeth | 8744 |
| Land, Adalo | 16844 | Lewis, Israel | 8853 |
| Landrum, Beulah Ad. | | Lewis, Cyrus | 8745 |
| Latta, Thomas | 10101 | Lewis, Ester | 8854 |
| Latta, Alwa S. | 10102 | Lewis, Sondson | 8855 |
| Leader, Mary A. | 1727 | Lewis, Selina | 8904 |
| Leader, Joel | 11970 | Lewis, Howard | 8908 |
| Leader, Issy | 11970 | Lewis, Anderson | 9188 |
| Leader, Odis | 18009 | Lewis, Sullivan | 9189 |
| Leader, Aaron | 13007 | Lewis, Horace | 9243 |
| Leader, Aline | 13008 | Lewis, George | 9400 |
| Leader, Melinda | 13809 | Lewis, Nancy | 9401 |
| Leader, Silas | 18810 | Lewis, Newton | 9402 |
| Leader, Mary | 18811 | Lewis, Ben | 9403 |
| Leowright, Fidy | 105 | Lewis, Josiah | 9644 |
| | | Lewis, Clanson A. | 9955 |
| | | Lewis, Charles E. | 9956 |

106

## MINOR CHOCTAWS BY BLOOD

| Name | Roll No. | | Name | Roll No. |
|---|---|---|---|---|
| Tilney, Bonnie | 743 | | Whisler, Thompson W. | 252 |
| Tilney, Mollie | 379 | | Whistle, Anna | 414 |
| Tonkahul, Alex | 788 | | White, Ora Ida | 635 |
| Tonier, Susan | 738 | | Whittle, Walter Clyde | 271 |
| Town, Jessie Johnson | 915 | | Wilcoxson, Sarah Viola | 82 |
| Traynor, Walter Lee | 76 | | Wilson, Theodore Roose- | |
| Trammell, Ruby Lee | 226 | | velt | 240 |
| Tubby, Josie Pearl | 436 | | Wilson, Susie Marie | 316 |
| Tubby, Mattie May | 629 | | Wilson, Luverne | 373 |
| Tuphlua, Honey | 435 | | Wilson, Freman M. | 641 |
| Turnbull, Golda | 640 | | Wilson, Mona | 644 |
| Turnbull, Ora Dulaney | 810 | | Wilson, Lizzie | 692 |
| Turner, James McClure | 896 | | Wilson, Record Prather | 874 |
| Turner, Robin | 694 | | Wilson, Broxy | 902 |
| Vaughn, Allie Rosie | 631 | | Wilson, Brile Haney | 955 |
| Walton, Beatrice Lee | 113 | | Wilson, Elvira | 1200 |
| Walker, Edgar Morris | 102 | | Arlington, Amanda Quinton | 1630 |
| Williams, Istum | | | Arlington, Minnie | 1075 |
| Wallace, Lizzey | 667 | | Arlington, Willie | 970 |
| Walton, Beatrice Lee | 93 | | Arlington, Birdie | 978 |
| Wells, James | 404 | | Benton, Rufus F. | 11 |
| Walsh, Ole Marie | 164 | | Benton, Byline | 106 |
| Walker, Tommie W. | 135 | | Bell, Mary Janett S. | 112 |
| Walton, Louisa | 100 | | Bell, King | 104 |
| Walters, Columbus David | 246 | | Bell, Thomas D. | 423 |
| Walsh, John Emory | 241 | | Bell, Hannah | 457 |
| Washington, Fannie | 565 | | Bell, Pink W. | 928 |
| Washington, Timothy | 566 | | Bell, Mary Viola | 1020 |
| Washington, Allen | 826 | | Bell, Jessie | 1321 |
| Ward, Seth | 399 | | Beams, Maggie | 422 |
| Ward, Little Irene | 663 | | Beams, Levina Victoria | 1002 |
| Watson, Baxter | 632 | | Beams, Belle C. | 1451 |

## INDEX TO CHOCTAWS BY MARRIAGE

| Name | Roll No. | | Name | Roll No. |
|---|---|---|---|---|
| Adkins, Columbus D. | 822 | | Barnes, Laura Annie | 818 |
| Adkins, John A. | 823 | | Barnett, Joseph J. | 418 |
| Adams, Hugh W. | 416 | | Barnett, Archibald T. S. | 764 |
| Abuddell, John L. | 1194 | | Barnett, William M. | 1131 |
| Ainsworth, Margaret | 161 | | Baker, Sarah T. | 452 |
| Ainsworth, Nora A. | 825 | | Baker, Sarah P. | 462 |
| Ball, Thomas J. | 164 | | Battiest, Belle | 745 |
| Bailey, William Duncan | 880 | | Baxter, Ellaile | 926 |
| Alexander, James | 981 | | Bearden, Chas. | 268 |
| Amsley, Mattie May | 294 | | Bolter, Rufus | 268 |
| Allen, John C. | 1118 | | Betts, Emma | 426 |
| Allen, Genella | 1695 | | Berry, George | 1935 |
| Alvey, Brice V. | 782 | | Bench, Katie | 974 |
| Anderson, William H. | 1012 | | Beal, John D. | 1484 |
| Anderson, Mary | 1321 | | Beal, Donnie E. | 1532 |
| Angell, Charles Robert | 416 | | Beal, Millie Cora | 1548 |
| Arbuckle, Jeff | 649 | | Beal, Permanda Brown | 1665 |
| Archer, Charles E. | 1358 | | Billy, Ida | 99 |
| Askew, Mamie | 924 | | Billy, Minnie | 1290 |
| Askew, Eliza | 1071 | | Bickle, Robert C. | 609 |
| Askew, Martha | 1666 | | Birch, Edna | 915 |
| Atkins, Ophelia | 1257 | | Brisley, Stephen | 1093 |