IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHERON L. HARRISON, ) | |
| ) | |
| Plaintiff ) | |
| ) | No. 1:05-cv-02060 |
| v. ) | |
| ) | Hon. Colleen Kollar-Kotelly |
| GALE ANN NORTON, Secretary of the Interior, ) | |
| NEAL McCALEB, Assistant Secretary of the ) | |
| Interior, ) | |
| ) | |
| Defendants ) | |
| _____ ) | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

**Table of Contents**

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  ii

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    I.    *Res Judicata* Bars Plaintiff's Claims . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    II.    Plaintiff's Failure To Allege A Waiver Of Sovereign Immunity Warrants

           Dismissal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## Table of Authorities

**FEDERAL CASES**

*Allen v. McCurry,*
    449 U.S. 90 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

*Brown v. Felsen,*
    442 U.S. 127 (1979) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2

*Commissioner of Internal Revenue v. Sunnen,*
    333 U.S. 591 (1948) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Dynaquest Corp. v. United States Postal Service,*
    242 F.3d 1070 (D.C. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 6

*Federated Dep't Stores, Inc. v. Moitie,*
    452 U.S. 398 (1981) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Fort Sumter Tours, Inc. v. Babbit,*
    202 F. 3d 349 (D.C. Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*In re Al Fayed,*
    91 F.Supp. 2d 137 (D.D.C. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Interoceanica Corp. v. Sound Pilots, Inc.,*
    107 F. 3d 86 (2d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Kennedy v. Rabinowitz,*
    318 F.2d 181 (D.C. Cir. 1963) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Lac Vieux Desert Band of Lake Superior Indians of Michigan v. Ashcroft,*
    360 F. Supp. 2d 64 (D.D.C. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Paley v. Estate of Ogus,*
    20 F. Supp. 2d 83 (D.D.C. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Ruckelshaus v. Sierra Club,*
    463 U.S. 680 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Schilling v. Rogers,*
    363 U.S. 666 (1960) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Student Loan Marketing Ass'n v. Riley*,
	907 F. Supp 464 (D.D.C. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*United States v. Mitchell*,
	445 U.S. 535 (1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6


**FEDERAL STATUTES**

22 U.S.C. § 2201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

5 U.S.C. § 704 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**INTRODUCTION**

Defendants Gale Ann Norton and Neal McCaleb respectfully submit this reply in support of their motion dismiss Plaintiff's Amended Complaint. Plaintiff's Response to Defendants' Motion to Dismiss ("Response") is somewhat difficult to comprehend and goes into great detail about Defendants' alleged issuance and denials of Certificates of Degree of Indian Blood ("CDIB").[1] But it is still unclear if Plaintiff is bringing a generic challenge to Defendants' conduct, or a challenge specific to Plaintiff. Regardless, Plaintiff's Amended Complaint must be dismissed. Plaintiff does not and cannot refute the central points of Defendants' Motion to Dismiss ("Motion") -- (i) Plaintiff's Complaint is barred by *res judicata* because it asserts claims that were or could have been raised in previous actions involving the same parties and (ii) Plaintiff fails to allege a waiver of sovereign immunity. Accordingly, Plaintiff's Amended Complaint should be dismissed with prejudice.

**ARGUMENT**

**I.    *RES JUDICATA* BARS PLAINTIFF'S CLAIMS**

To the extent Plaintiff is challenging actions of the Defendants that are specific to Plaintiff, her claims are barred by *res judicata*. Under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised." Dynaquest Corp. v. United States Postal Service, 242 F.3d 1070, 1075 (D.C. Cir. 2001), quoting Allen v. McCurry, 449 U.S. 90, 94 (1980). See also Brown

---

[1] "Certificates of Degree of Indian Blood ("CDIBs") are issued by the BIA and are the BIA's certification that an individual possesses a specific quantum of Indian blood. A CDIB entitles the holder to participate in some government assistance programs." Davis v. United States, 192 F. 3d 951, 956 (10th Cir. 1999).

v. Felsen, 442 U.S. 127, 131 (1979); Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 597 (1948). "In order for res judicata to apply, defendants must demonstrate the existence of (1) an identity of parties in both suits; (2) a judgment rendered by a court of competent jurisdiction; (3) a final judgment on the merits; and (4) an identity of the cause of action in both suits." Paley v. Estate of Ogus, 20 F. Supp. 2d 83, 87 (D.D.C. 1998).

The heart of Plaintiff's claims challenge the denial of her CDIB and her being denied "rights and privileges 'by blood.'" Am. Complt. at 5. The issue of Plaintiff's CDIB status has already been litigated in the Tenth Circuit. See Sheron Lea Harrison v. United States Department of Interior, et al., No. 99-7108 (10th Cir., August 28, 2000), (see Motion, Exhibit B at 2), affirming Sheron Lea Harrison v. United States Department of Interior, et al., Civil Action No. 98-CV-228-S (E.D. Okla., August 23, 1999). See Motion, Exhibit A. And Plaintiff's attempt to relitigate these claims have already been determined by this Court to be barred by *res judicata*. Sheron L. Harrison v. Gale Ann Norton, et al., Civil Action No. 01-2188 (CKK) (D.D.C. September 8, 2003). See Motion, Exhibit C.

As set forth in the Motion, Plaintiff sought to relitigate her claims in this Court. On October 18, 2001, Plaintiff filed a Complaint against Gale Norton and Neal McCaleb, challenging the denial of her CDIB and alleging a conspiracy by the defendants. That case was dismissed by this Court on September 8, 2003, as being barred by *res judicata*. See Sheron L. Harrison v. Gale Ann Norton, et al., Civil Action No. 01-2188 (CKK) (D.D.C. September 8, 2003) (the "2003 Decision"). See Motion, Exhibit C. This Court dismissed Plaintiff's complaint finding that (1) Plaintiff brought both the Tenth Circuit and the complaint in the 2003 Decision against the same officials at the Department of Interior, (2) that the judgment in the Tenth Circuit

2

case was a final judgments on the merits, (3) by a court of competent jurisdiction, and that (4) the claims in both cases involved challenges to the denial of Plaintiff's CDIB. Id. at 4-5.[2]

Plaintiff argues, citing Interoceanica Corp. v. Sound Pilots, Inc., 107 F. 3d 86 (2d Cir. 1997), that while the claims asserted in the present action might "overlap[]" with those of the prior actions, the present action is not barred because it gives rise to "separate statutory wrongs." Response at 6 (citing Interoceanica, 107 F. 3d at 91). Plaintiff's argument is misplaced. Interoceanica involved actions brought by pilots to recover pilotage fees for voyages in Long Island Sound pursuant to a New York Statute. The court held that the action was not barred by *res judicata* because it "concern[ed] distinct voyages after those litigated in [the prior action], [that did] not arise out of the same 'transaction or connected series of transactions' as the [prior action." Id. at 91. The present case involves no such distinction. While Plaintiff's Amended Complaint and Response is somewhat unclear, to the extent she is making allegations that relate specifically to her, they place in issue the reasons for the denial of a CDIB. Am. Complt. at 3-4. The present action is not based on subsequent events, but is based on the same event - the denial of a status entitling her to a CDIB - and is the same claim that was litigated in the Tenth Circuit and the same claim that Plaintiff attempted to relitigate before this Court in 2003. Indeed, as Interoceanica explains, under *res judicata* " a judgment in an action 'precludes the parties . . . from relitigating issues that were or could have been raised in that action.'" Id. at 90 (citing Federated, 452 U.S. at 394, 398).

---

[2] It is worth noting that the Amended Complaint raises two *res judicata* issues. First, to the extent Plaintiff is challenging her denial of CDIB, that was already litigated in the Tenth Circuit. In addition, the issue of whether Plaintiff can challenge the denial of her CDIB in a subsequent action was already decided by this Court. See Motion, Exhibit C.

> the doctrine of res judicata provides that when a final judgment has been entered on the merits of a case, [i]t is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.

<u>Interoceanica</u>, 107 F. 3d at 90.

Plaintiff's Amended Complaint is thus barred by *res judicata* for the same reasons expressed by this Court in its 2003 Decision. Plaintiff is suing the same Department of Interior Defendants as the Tenth Circuit case and the 2003 Decision in this Court. <u>See</u> Exhibit C at 4. The Tenth Circuit decision was a final judgement on the merits by a court of competent jurisdiction. <u>Id.</u> And the cause of action in both suits -a challenge to legitimacy and rationale of the denial of a CDIB - is the same. <u>Id.</u> Plaintiff appears to claim that the present action is distinct in that it raises issues related to the "final roll Choctaw by blood." Response at 6. But this is nonetheless a challenge to the denial of CDIB status and the reasons for that denial. Any theories supporting this claim could have been litigated in the prior action and it is therefore barred by res judicata. <u>See</u> <u>Paley</u>, 20 F. Supp. 2d at 87, Motion, exhibit C at 4.

The reasons Plaintiff claims she was denied eligibility in the present action is the same reason she was denied eligibility in the prior action in the Tenth Circuit.

> It stated that although Cyrus Kingsbury, was enrolled as a member of the Choctaw tribe, he obtained this status as a white person adopted by the tribe (referred to as an "AW" or "adopted white") rather than by possessing a specific quantum of Indian blood. Harrison appealed this decision to the Muskogee Area Director of the BIA, who reached the same conclusions . . . and denied the request for a CDIB.. . . Harrison thereafter sought review of the Director's decision in the district court.

Motion, Exhibit B at 3. As Plaintiff clarifies in her Response, her claim is that she qualifies for a CDIB because Cyrus Kingsbury appears on the final roll and Interior has no right to deviate from

the roll based on blood quantum, "thereby to distinguish one citizen from another." Response at 2. Indeed, this was the very issue resolved against Plaintiff in the prior action in the Eastern District of Oklahoma (Motion, Exhibit A) and any arguments to justify her position to qualify for a CDIB based upon Cyrus Kingsbury had to be made at that time. As this Court recognized:

> all of Plaintiff's present claims involve the BIA's determination that Plaintiff's ancestor, Mr. Kingsbury, was not a "citizen by blood" of the Choctaw Nation of Oklahoma. This is precisely what Plaintiff challenged in her suit in the Tenth Circuit. As the Supreme Court instructs, Plaintiff is estopped from "relitigating issues that were or could have been raised in that action."

2003 Decision at 5 (quoting, Allen, 449 U.S. at 94) (emphasis in 2003 Decision).

Plaintiff next argues that *res judicata* does not apply based on Stanton v. District of Columbia Court of Appeals, 127 F. 3d 72 (D.C. Cir. 1997) and Commissioner v. Sunnen, 333 U.S. 591, 597-98 (1948). Response at 8. This argument is also misplaced. Stanton and Sunnen both involved claims that were based on post-judgment events and were thus not barred by *res judicata*. See Stanton, 127 F. 3d at 78-79 (suspended lawyer's challenge to reinstatement proceedings not barred where prior action challenged original suspension, reinstatement challenge was therefore new claim based on post-judgment events); Sunnen, 333 U.S. at 597-600 (litigation over the validity of similar conduct occurring after the acts covered by initial litigation not barred). In the present case, Plaintiff again challenges the denial of her CDIB and the reasons for that denial. The nature of her lineage could not change after the initial resolution of her claim and all theories for qualification could have been litigated in the prior action. The claim is therefore barred by *res judicata*.[3]

---

[3] Plaintiff's Response mentions "an application of 2005" and appears to assert that this presents a new transaction. Response at 8. To the extent this was a new application, it is not mentioned anywhere in the Amended Complaint and is now raised for the first time. Nonetheless, it does

5

Plaintiff's remaining arguments, to the extent they are cognizable, go the merits of the prior decision and are therefore attempts to relitigate the denial of the CDIB. Response at 8-11. This Court does not have jurisdiction to review that decision. "[T]his circuit . . . has no authority to collaterally review the decisions of a sister circuit." Dynaquest Corp. v. United States Postal Service, 242 F.3d at 1070, 1075. Even if Plaintiff were to argue that the Tenth Circuit was mistaken, this Court lacks jurisdiction over such a collateral attack on the final judgment of that court. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. at 394, 398 ("[a] judgment merely voidable because based upon an erroneous view of the law is not open to collateral attack, but can be corrected only by a direct review . . . "); Fort Sumter Tours, Inc. v. Babbit, 202 F. 3d 349, 354 (D.C. Cir. 2000) (same).

## II. PLAINTIFF'S FAILURE TO ALLEGE A WAIVER OF SOVEREIGN IMMUNITY WARRANTS DISMISSAL

To the extent Plaintiff's Amended Complaint presents a generic challenge to the issuance or denials of CDIBs, it must be dismissed for lack of jurisdiction. "It is elementary that '[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . . , and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit.'" United States v. Mitchell, 445 U.S. 535, 538 (1980) (quoting United States v. Sherwood, 312 U.S. 584, 586 (1941)). In determining when such consent is present, the Supreme Court has long held that "[a] waiver of sovereign immunity 'cannot be implied but must be unequivocally

---

not overcome *res judicata*, where Plaintiff is still challenging the same factual circumstance - the denial of her CDIB status. See Response at 8-9 (arguing denial of CDIB was improper). See Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc., 892 F. 2d 355, 359 (4th Cir. 1989) (continued application of previously challenged policies does not create new claim for purposes of *res judicata*).

expressed.'" Mitchell, 445 U.S. at 538 (quoting United States v. King, 395 U.S. 1, 4 (1969)).

The party asserting jurisdiction bears the burden of establishing a waiver of the government's sovereign immunity. In re Al Fayed, 91 F.Supp. 2d 137, 140 (D.D.C. 2000). Any waiver is to be construed strictly in favor of the government. Ruckelshaus v. Sierra Club, 463 U.S. 680, 685 (1983). At a minimum, to avoid the bar of sovereign immunity, Plaintiff has a duty to allege a statute evincing a waiver of the United States' sovereign immunity. Lane v. Pena, 518 U.S. 187, 192 (1996). Plaintiff has not alleged any such waiver in her Amended Complaint and her Response is also devoid of any mention of statutes through which the United States may have waived its sovereign immunity. As set forth in the Motion, there is also no basis for asserting such a waiver.[4/] Plaintiff's failure to allege a waiver of sovereign immunity within the jurisdiction of this Court warrants dismissal.

Finally, Plaintiff's Response mentions the Administrative Procedures Act, 5 U.S.C. § 704 ("APA") for the first time. Response at 1. The APA is not addressed or mentioned anywhere in Plaintiff's Amended Complaint. Nonetheless, the APA does not provide a basis for jurisdiction for a generic claim that is not tied to a denial of her CDIB status. She certainly has no standing to complain of a policy as it applies to others; and for Plaintiff the policy has already been adjudicated in Defendants' favor. Federal court jurisdiction to review agency action, in any event, is limited to "final agency action." See Student Loan Marketing Ass'n v. Riley, 907 F.

---

[4/]To the extent Plaintiff is seeking declaratory judgment against the Defendants, that does not confer jurisdiction upon this Court. The Declaratory Judgment Act, 22 U.S.C. § 2201, is not a waiver of sovereign immunity. See Kennedy v. Rabinowitz, 318 F.2d 181, 186 (D.C. Cir. 1963). And the Declaratory Judgment Act does not constitute an independent basis for jurisdiction. See Schilling v. Rogers, 363 U.S. 666, 677 (1960); Lac Vieux Desert Band of Lake Superior Indians of Michigan v. Ashcroft, 360 F. Supp. 2d 64, 66 (D.D.C. 2004).

Supp. 464, 471-72 (D.D.C. 1995). The Amended Complaint does not identify any new final agency action and therefore this Court does not have jurisdiction over Plaintiff's claim. See id. at 471-72. At most, Plaintiff, outside the body of the Amended Complaint, has asserted in her Response that she submitted a 2005 application that was returned with no final agency action.

## CONCLUSION

For the reasons set forth above, Plaintiff's Amended Complaint should be dismissed with prejudice.

Dated this 9th day of March, 2006.

>   Respectfully submitted,
>
>   SUE ELLEN WOOLDRIDGE
>   Assistant Attorney General
>   United States Department of Justice
>
>   /s/ Alex Kriegsman
>   Alex Kriegsman
>   Trial Attorney
>   United States Department of Justice/ENRD
>   Natural Resources Section
>   P.O. Box 663
>   Washington, D.C. 20044-0663
>   Tel: (202) 305-3022
>   Facsimile: (202) 305-0506

OF COUNSEL:

Charles R. Babst, Jr.
Attorney-Advisor
Tulsa Field Solicitor's Office
7906 East 33rd Street, Suite 100
Tulsa, OK 74145
(918) 669-7730 (tel.)
(918) 669-7736 (fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 9, 2006, a copy of the foregoing Defendant's Reply in Support of Motion to Dismiss was served on:

Sheron L. Harrison
521 Clinton St., #2
Sandusky, OH 44870
419-609-3770
419-503-5650

Plaintiff, acting in *pro se* capacity, by causing a full, true and correct copy thereof to be sent, on the date set forth above, by U.S. Mail.

                                        /s/ Alex Kriegsman
                                        Alex Kriegsman
                                        Trial Attorney