UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED

MAR 1 5 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

SHERON L. HARRISON                )
                                  )
    Plaintiff                     )
                                  )
                                              Case 1:05cv2060
    VS.                           )   Hon. Colleen Kollar-Kotelly
                                  )
GALE ANN NORTON, Secretary of the Interior  )
                                  )
NEAL McCALEB, Assistant Secretary of Interior  )
                                  )
    Defendant (s)                 )


PLAINTIFF' REPLY IN SUPPORT OF RESPONSE
TO DEFENDANTS' MOTION TO DISMISS

## Table of Contents

Table of Authorities………..……….....................................................ii

Arguments………..……..…..,.................................................................1-5

Conclusion………..……….….....................................................................5

# TABLE OF AUTHORITIES

Bowen v Michigan Academy of Family Phycisians,
    476 U S 677 (1986)..................................................................4

Cassim v Bowen, 824 F.2d 791 (9th Cir 1987).............................2

Federal Labor Relations Auth.v U.S. Dept of Treasury,
    884 F2d, 1446 (D.C. Cir. 1989).............................................5

Foman v Davis, 371 U S 178, 9 L ed 2d 222, 83 S. Ct. 227......................2

Stanton v District of Columbia Court of Appeal, 127 F.3d 72 (1997).........2, 3

Steel Co. v Citizens of Better Environment, 523 U.S. 83 (1998)...............4

Statutes

Act June 28, 1898, 35 Stat. 495, 502
Act June 21, 1906, 34 Stat. 325

Administrative Procedure Act "APA"

5 U.S.C 701, et.seq
5 U.S.C 706

Curtis Act, 30 Stat 495

25 U.S. 301
25 U.S. 2, 9

25 C.F.R 62.10

Plaintiff, Sheron L. Harrison, respectfully submit this reply in support of my Response.

*Final Roll Choctaw by Blood,* A Federal Question

It is a cognizable right to have a federal court make an actual determination essential to the resolution. This is a grave importance in that with any future application process of the Defendant (s) involves this issue. Is the *Final Roll Choctaw by Blood* a true listing of original Choctaws or is it not? Act of Congress June 28, 1898, 30 Stat. 495, 502. Does the Defendants' under authority of 5 U.S.C 301, Sec. 463, 465, and 25 U.S.C. 2, 9 discretionary power to deem the *Final Roll Choctaw by Blood* not to be a true listing in relation to issuance of a CDIB. See Plaintiff's Response Exh A & B. This question does not place in issue the reasons for the denial of CDIB, which was an administrative record and the Defendant's right to issue, for this question has never before been litigated to a final conclusion. The prior ruling simply states "The issuing of a CDIB card appears to this court to be a management of Indian Affairs, 25 CFR Sec 62.10 (a) give the Acting Director authority to issue a decision on a CDIB card." see Defendants' Motion to Dismiss Exh A. at 6.

Application 2005

This action concern an application in 2005 with main intent to have the question answered as to the *Final Roll Choctaw by Blood* being a true listing and the discretionary power of the Defendant (s) to undermind the by blood roll. I must first state that the

1

Defendant's made argument regarding the application was not noted in my amended complaint; however, I thought to first make the complaint and then to state in argument; I pray that this is not a fatal mishap. I would hope that pleading is not a game of skill for one misstep may be decisive to the outcome. Foman v Davis, 371 US 178, at 225, 9L ed 2d 222, 83 S. Ct. 227.

This court has adopted the Second Restatement's in regards to claim preclusion stating "of connected transactions, out of which the action arose." Stanton v District of Columbia Court of Appeals, 127 F.3d 72 at 78. The key thought here being out of which the action arose. I applied in 2005 with hopes that the Defendant (s) would follow their policy and was met with blind ear and understanding of this dilemma of not even having a due process of my application according to policy.

The prior proceeding may be overlapping however, they give rise to separate wrongs. My application of 2005 was futile, the Defendant (s) simply returned my birth and death records with a copy of 1997 letter stating final for the department. "Courts may waive exhaustion because 'cases may arise where a claimant's interest in having a particular issue resolved promptly is so great that deference to the agency's judgment is inappropriate." Cassim v Bowen, 824 F. 2d 791 (9th Cir 1987) citing Mathews v Eldridge, 424 U.S. 319, 96 S.Ct. 893 at 900. I am losing rights and recognition as a lineal descendant of an original enrollee by blood on the *Final Roll Choctaw by Blood*. See Plaintiff's Response Exh A & B. A serious constitutional issue is before this court which

2

is above and beyond a CDIB. A mandate of Congress and the Defendant (s) undermind tactics of that mandate which was a 'by blood' roll. I humbly submit that the CDIB is part of the issue before this court but it does not swallow the entire complaint.

I am being held to a different standard in applying for CDIB; I am being held to one chance to prove my ancestor a 'by blood' member based on an Administrative Record at the time of my previous application. So I am to understand that even if I had proof to show my ancestor a by blood member I am held to an old administrative record ruling. Notwithstanding that a bunch a junk was held against me such as correspondence letters, newspaper articles, letter to the Senators. No birth and death records, which was filed with application in prior ruling leading to the original enrollee, just a bunch junk. This is not to suggest this court to entertain a sister court but to state why I am so frustrated in that now I am being handed a res judicata approach to a federal question that has never been addressed. The policy must be followed as to not cause chaos and prejudice in the application process. Therefore, "one should perhaps be free to litigate a specific denial without the lawsuit's acquiring such an omnivorous (and costly) character." Stanton, at 79.

The prior court stated 'the plaintiff does not appear to contest the procedures which the agency used for the fact finding process…'she does not appear in her pleading to contest the procedures that were utilized to arrive at those results. Further, the court does not have a situation where new issues are before it in a proceeding to enforce a non-adjuciatory action. As a result, this court finds its review is confined to the administrative record." See Defendants Motion to Dismiss Exh A at 4-5. The policy was not

adjudicated in prior ruling it was simply a ruling based on the administrative record and the Defendant (s) power to issue or deny CDIB.

I am before this court with prayer that a trial de novo will be granted and a federal question be undertaken. If this court finds that it has no jurisdiction to handle my 2005 application; notwithstanding that this was a different transaction and does not swallow up the issues before this court, under the demise of res judicata; I pray it will and must undertake the federal question before it has never been specifically answered. This is not a frivolous claim it is a matter of grave importance. District Court has jurisdiction if the right of the Plaintiff will be sustained if the Constitution and laws and treaties of the United States are to be interpreted one way and defeated if they are given another. Jurisdiction is not defeated. Steel Co. v Citizens of Better Environment, 523 U.S. 83 (1998) citing Bell v Hood, 327 U.S. 678 (1946). Notwithstanding that Courts "ordinarily presumes that Congress intends the executive to obey its statutory commands, and accordingly that it expects the court to grant relief when an executive agency violates such a command." Bowen v Michigan Academy of Family Physicians, 476 U S 677, 681 (1986). The statutory command was to make a roll of Choctaw by Blood. Am I and this court to understand that the *Final Roll Choctaw by Blood* is not a true listing and the command was not done and the CDIB is being used to undermind without anyone noticing it? For if the 'integrity' of the by blood roll can not be question how is it that the Defendant (s) are sending me back my birth and death records leading back to an original

4

enrollee on the *Index and Final Roll Choctaw by Blood* and saying he is not Choctaw by Blood. For " where a prior erroneous judgment necessarily effects continuing conduct, the interest of uniformity may demand departure from the prior court judgment to bring courts view of the law in line with the prevailing view." <u>Federal Labor Relations Auth V U.S. Dept of Treasury</u>, 884 F.2d 1446, 1456 (D.C. Cir 1989)  This is not to suggest this court has standing over a sister court but to make known that if the Supreme Court states 'the integrity of the roll can not be questioned' I must make known that how is it the Defendants can question the integrity of the *Final Roll Choctaw by Blood* under cover of a CDIB.  The matter before this court is of grave importance.  This Court does have jurisdiction and I pray trial de novo will be granted, Administrative Procedure and Federal Question and due process be applied.

## CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss should be denied.

Dated this 14th day of March, 2006

                                Respectfully submitted,

                                */s/ Sheron L Harrison*
                                SHERON L HARRISON, PRO SE
                                521 Clinton St, #2
                                Sandusky, OH  44870
                                419-609-3770 - home
                                419 503 5650  - cell

CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2006, a copy of the foregoing Plaintiff's Reply in Support of Response was served on:

Alex Kriegman
Trial Attorney
United States Department of Justice/ENRD
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663

Defendant (s) lead counsel, by causing a full, true and correct copy thereof to be sent, on the date set forth above, by U.S. Mail with correct postage.

_____
SHERON L. HARRISON, PRO SE
521 Clinton St, #2
Sandusky, OH 44870