IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHERON L. HARRISON )
521 Clinton St, #2 )
Sandusky, Ohio 44870 )
419-609-3770 )
    Plaintiff

                                                     TRIAL BY JURY
    VS.                                               01:05:CV-2060 CKK

GALE ANN NORTON, Secretary of the Interior )
   1849 C Street, N.W. )
   Washington, D.C. 20240 )
                                                 )

NEAL McCALEB, Assistant Secretary of Interior )
   Bureau of Indian Affairs )
   1849 C Street, N.W. )
   Washington, D.C. 20240 )
      Defendant (s)

## AMENDMENT TO AMENDED COMPLAINT

Now comes, Sheron L. Harrison, before this court with complaint with federal question to be addressed.

1. The *Final Roll Choctaw by Blood* is it a true listing of the Choctaw Indians or not?

In 1893 Congress appointed a commission (the "Commission to the Five Tribes" or the "Dawes Commission"). In 1898 Congress enacted the Curtis Act, 30 Stat 495. The Curtis Act provided the land of the Five Tribes be allotted without the consent of the tribes. This Act required the Dawes Commission to make "rolls" of the citizens or members of the Tribes. See Act June 28, 1898, 35 Stat. 495, 503. The rolls once made and approved by the Secretary of Interior were deemed final by Congress. The Curtis Act contained elaborate stipulations regarding enrollment, providing for two rolls for each of the Five Tribes, one tracing rights through former slaves, called the Freedman roll; the other tracing rights through Indian Blood, called the Indian Roll. See Kaplar Laws, 1982, Enrollment Chapter 23, pg 431. In this Act the listing was not continual with all citizens on one list, separate listing and enrollment were made to separate the 'by blood' from the 'freedman. The rolls were closed by the 1906 Act, 24 Stat. 137, 138

The Act of 1898 which Congress mandated, inter alia, a roll of Choctaw by blood, the question being the roll is final and all adjudge to be "by blood" and listed on the 'by blood' roll are by blood. The Defendant (s) to now suggest the *Index and Final Roll Choctaw by Blood* is not a true listing is arbitrary and must be addressed. "If he has no power at all to do an act complained of, he is as much subject to an injunction as he would be to a mandamus." Garfield v Goldsby, 211 U.S. 249 (1908) citing Board of Liquidation v McComb, 92 U.S. 531, 541.

2

2. The Defendant (s) with authority to issue Certificate of Indian Blood (CDIB) have authority to revisit the *Index* and *Final Roll Choctaw by Blood* and deem an original enrollee #15679 not to be by blood thereby deeming the *Index* and *Final Roll Choctaw by Blood* not to be a true listing of the original enrollees.

3. Defendant (s) make known the policy to receive a CDIB is by birth and death certificates leading to the original enrollee on the *Index* and *Final Roll Choctaw by Blood* but do not adhere to the policy.

4. Due process of application according to policy birth and death leading to the original enrollee on the *Index* and *Final Roll Choctaw by Blood*.

Jurisdiction

This court has jurisdiction over this action under 28 U.S.C 1331, in that it is an action arising as a federal question. District court shall have the original jurisdiction of civil actions arising under the Constitution, laws, or treaties of the United States. Under Administrative Procedure Act , 5 U.S.C. 704, 706 et.seq. I respectfully request trail de novo. An Act of Congress, a mandate of Congress is before this court in regards to an *Index* and *Final Roll Choctaw by Blood* and the Defendant's discretionary power as to use of the *Index* and *Final Roll Choctaw by Blood* and deciding that the *Index* and *Final Roll Choctaw by Blood* is not a true listing with issuance of CDIB.

"It is a cognizable right to have a federal court make an actual determination essential to the resolution of a federal question." Montana v U.S., 440 U.S.147 (1979)

3

Nature of Action

In May of 2005 an application was submitted, with birth and death recording leading back to the original enrollee by blood Roll # 15679. On September 13, 2005, I received the birth and death records back with a copy of a denial letter stating final for the department, letter dated 1997. Thereby making known or for me to understand that I have lost all rights to apply again. On October 19, 2005, I filed complaint in court because the letter stated and made known that my 2005 application was futile and there was nothing else I could propose to have my application processed according to policy.

My ancestor is enrolled on the Choctaw by blood role, role #15679. The Choctaw by blood in general knowledge is a role of the Indians of the Choctaw tribe. The only means to be recognized as part of the tribe, 'by blood', 'freedman' and 'intermarried white' and minors. Separate listing were made of the 'by blood', 'freedman' and the intermarried white and minors.

The Secretary of the Interior with right to issue or deny right to Certificate of Indian Blood with rule being:

> "In order to receive CDIB as a descendant of a member of the Five Civilized tribes, one must be able to prove direct lineal descent to an enrollee of the Dawes Commission Rolls".

The Secretary's right to issue or deny CDIB is not a part of this action, however, the rule states only to prove lineal descent to an original enrollee. The Secretary may have right to deny an original 'freedman' or 'intermarried white' a CDIB, but to now suggest that

4

the *Index and Final Roll Choctaw by Blood* is not a true listing of Choctaws by blood is underminding the integrity of the by blood roll. Under 25 U.S.C.A 1 (a) 2 it makes known that the Secretary of the Interior has restrictions. "Secretary of Interior, in dealing with Indians, does not have despotic power, but is subject to legislative restrictions."

In 1907 the Secretary made lines and notation on the role to strike individuals from the roles. However, this action by the Secretary was taken to court and ruled that "Having approved the final rolls, the Secretary had exhausted his discretion." Garfield v Goldsby, 211 U.S. 249 (1908). Within the case a Wiley Adams, roll #15027 suit No 50033 S.C.D.C., was ruled in Garfield to be put back on the role as Choctaw by blood with rights to allotment and payments enjoyed by other citizens. Example as to what is being done; if this Adams' lineal descendants applied for right to be recognize as a lineal descendant of an original Choctaw by blood they would be denied and require further proof in regards to blood degree so listed and approved by the Secretary and told he is on the Choctaw by blood role but he is not Choctaw by blood. My ancestor with the same blood as Adams would be required to prove once again an original enrollee is Choctaw by blood. The Secretary has not gone back to my ancestor and ask that he prove rights to be recognized as Choctaw by blood.

The complaint before this court is not in regards to the right of the Secretary to issue or deny CDIB, but the right to use the *Index and Final Roll Choctaw by Blood* role that has continually been deemed final and tell those lineal descendants of original enrollee that one must once again prove Choctaw by blood. If the blood degree listed is

5

blue and the Secretary approved this and put one as original Choctaw by blood for him to receive land allotments and money as Choctaw by blood then that is the blood degree. The role mandated by Congress was to be a Choctaw 'by blood' role and no where in any stat of Congress in regards to this does it suggest that one did not have to be. Once on the Choctaw 'by blood' roll one received land allotment and money as with all individuals enrolled as Choctaw by blood. Other restrictions were to the full bloods on the 'by blood' roles. In essence what the Secretary is suggesting that the original enrollee did not prove they were Choctaw by blood and therefore require the lineal descendants to do so. This tactic underminds the long standing ruling of this circuit and the Supreme court, "once one has acquired right by administrative or judicial proceedings cannot be deprived of them without notice", Garfield at 262. The Secretary is at this point denying the original enrollee and the lineal descendants of them rights and privileges 'by blood'. In understanding that Congress has plenary power in regards to Indians; however, "a committee of Congress can not take language that could only cover 'flies' or 'mosquitoes' and tell the courts that it really covers 'ducks'. Wisconsin Pulic Intervenor v Montier, 501 U.S. 597, at 611n (1991). The Secretary at this point is suggesting that Adams and my ancestor are ducks on a role of flies and mosquitoes. Adams and my ancestor were given land allotment and money as flies or mosquitoes, but are now being considered ducks. My ancestor an original enrollee member on the 'by blood' roll #15679 would be denied access to Indian Self Determination and Education Assistant Act, 25 U.S.C., 450, Indian Financing Act, 25 U.S.C. 1603 (c) or Indian Health Care

Improvement, 25 U.S.C 1452 (b); notwithstanding definition so prescribed and interpreted by courts. "As a member of a federally recognized tribe *** satisfies the definition of 'Indian' and is eligible." Zarr v Barlow, 800 F 2d 1484 (9th Cir. 1986). Therefore the roll of Choctaw by blood must be a roll of Choctaw by blood and can not at this point be used on an ad hoc basis even to issue a CDIB; 'the conclusive integrity of the roll, as fixed by the terms of the statute, cannot be questioned…any other interpretation of the Act would lead to irregularities and confusion." Ickes v Patterson, et. al, 65 App. D.C. 116, 80 F 2d 708 (1935). Otherwise Congress to mandate a roll of the 'by blood' members of the tribes and then for the Defendant (s) the *Index* and *Final Roll Choctaw by Blood* is not a true listing as to issuance of CDIB is arbitrary to the Act and the integrity and finality of the by blood roll.

The practice of requiring further proof of an original enrollee to be Choctaw by blood, if the Secretary is to use the Dawes Choctaw by blood role as part of process to issue CDIB cards, is questioning the integrity of the roll of the 'by blood' already adjudged to be by blood. The Defendant (s) have no power to over rule Congress in deeming the roll final. The *Index and Final Roll Choctaw by Blood* is not named nor called nor known as the Index and Final Roll Choctaw by Blood with Others.

Even if the blood column list 'blue' as the blood degree and on the 'by blood' list one was deemed to be by blood and nothing else. The mandate of Congress was to make a roll 'by blood and can not at this late stage of the game use another means to pick and choose from that roll. The Curtis Act did not mandate one roll of all members of the Five

Tribes it mandated a listing 'by blood' and 'freedman'; therefore, separating the status of the members. There can be no ducks on a roll deemed to be flies. There can be no ducks on a roll deemed to be mosquitoes. The 'freedman' are freedman and the 'by blood' are by blood, otherwise it cause chaos and confusion. Freedman have never been questioned as to further prove they are "freedman" on the roll of Freedman only lineal descent; and the 'by blood' listing is just as final as the Freedman. Freedman are issued Freedman cards. To have an Indian roll "by blood" and deem it final and then have the defendant (s) pick and choose from the by blood roll creates an arbitrary power.

I pray that this court will undertake this complaint and answer that the roll is final and the Defendant (s) have lost discretionary power to use the 'by blood' roll and pick and choose from the already adjudge by blood original enrollee. The 'by blood' roll is in fact the 'BY BLOOD' listing of the original Choctaw by blood. For to do anything to the other is creating arbitrary power against a roll that is deemed a final listing of the 'by blood' original enrollee. For the Secretary of the Interior to approve a final listing 'by blood' and Congress to make it final and then the Defendant (s) to under mind the finality of that roll creates a federal question that must be addressed.

THEREFORE, I pray this Court will undertake this matter, allow trail de novo, and address the issues so presented. The *Index* and *Final Roll Choctaw by Blood* is a true listing of the Choctaws by Blood. The Defendant (s) can not use the CDIB to redefine

my ancestor, Roll #15679, an original enrollee on the *Index* and *Final Roll Choctaw by Blood*. The Defendant (s) policy must be follow thereby respecting the integrity of the *Index* and *Final Roll Choctaw by Blood*. Congress mandated a *Index* and *Final Roll Choctaw by Blood* there can be no ducks on the by blood roll. It must be Congress to mandate the *Index* and *Final Roll Choctaw by Blood* is not a true listing and not the Defendant (s) discretionary power in issuance of CDIB.

Respectfully submitted,

*[signature]*

SHERON L HARRISON, PRO SE
521 Clinton St, #2
Sandusky, OH 44870
419-609-3770 - home
419 503 5650 - cell

IN THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHERON L. HARRISON            )
                              )
    Plaintiff                 )
                              )
VS.                                               1:05cv2060 CKK

GALE ANN NORTON, Secretary of the Interior    )
                                              )
NEAL McCALEB, Assistant Secretary of Interior )
                                              )
    Defendant (s)                             )

### CERTIFICATE OF MAILING

I, Sheron L. Harrison, do certify that a true and correct copy of the <u>Motion to Amend Amendment of Complaint</u> was served upon Defendant (s) by depositing a copy in the U.S. Mail, first class postage prepaid certified mail, addressed to:

    Alex Kriegsman, Trial Attorney
    United States Department of Justice/ENRD
    Natural Resources Section
    P.O. Box 663
    Washington, D.C. 20044-0663

Dated this 21 day March, 2006,

                Respectfully submitted

                */s/ Sheron L Harrison*
                SHERON L HARRISON, PRO SE
                521 Clinton St, #2
                Sandusky, OH 44870
                419-609-3770 - home
                419 503 5650 - cell