IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| SHERON L. HARRISON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | No. 1:05-cv-02060 |
| v. | ) | |
| | ) | Hon. Colleen Kollar-Kotelly |
| GALE ANN NORTON, Secretary of the Interior, | ) | |
| NEAL McCALEB, Assistant Secretary of the | ) | |
| Interior, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO AMEND**

## INTRODUCTION

Defendants Gale Ann Norton and Neal McCaleb respectfully submit this Opposition to

Plaintiff's Motion to Amend the Amended Complaint.  On October 19, 2005, Plaintiff filed her

Complaint in the present action.  Then on December 5, 2005, Plaintiff filed an Amended

Complaint (the "AC").  Now, after Defendants filed a Motion to Dismiss the AC, which has been

fully briefed, Plaintiff seeks to amend the AC.  But Plaintiff's Proposed Amendment does not

cure the fatal flaws suffered by the AC - it is barred by the doctrine of *res judicata*.  If anything,

Plaintiff's Proposed Amendment further clarifies that she is seeking to relitigate claims that have

already been adjudicated.  Accordingly, amendment would be futile and Plaintiff's Motion

should be denied in the interest of justice.

## ARGUMENT

A party may only amend a complaint once as a matter of right.  See F.R.C.P. 15(a).

Having already done so, Plaintiff may now amend her AC "only by leave of court or by written

consent of the adverse party."  Fed. R. Civ. P. 15(a).  Although Rule 15(a) favors grants of leave

to amend when "justice so requires," the United States Supreme Court has expressly recognized

that a proposed amendment may be denied where doing so would avoid a futile result.  See

Foman v. Davis, 371 U.S. 178 (1962).  Indeed, while leave to amend is to be "freely given," it is

"by no means automatic."  Addington v. Farmer's Elevator Mutual Ins. Co., 650 F.2d 663, 666

(5th Cir. 1981).  "Liberality in amendment is important to assure a party a fair opportunity to

present his claims and defenses, but, equal attention should be given to the proposition that there

must be an end finally to a particular litigation."  Pallottino v. City of Rio Rancho, 31 F.3d 1023,

1027 (10th Cir. 1994) (internal quotation and citation omitted).  "A busy district court need not

allow itself to be imposed upon by the presentation of theories seriatim." Id. (quoting Freeman v. Continental Gin Co., 381 F.2d 459, 469 (5th Cir. 1967)).

This is particularly true when the proposed amendment would still be subject to dismissal. "A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason." Bauchman for Bauchman v. West High School, 132 F.3d 542, 562 (10th Cir. 1997); see also Gohier v. Enright, 186 F.3d 1216, 1218 (10th Cir. 1999)("[a] proposed amendment is futile if the complaint, as amended, would be subject to dismissal.").

It is not entirely clear from Plaintiff's Motion the basis for which she asserts that leave to amend should be granted. But a review of Plaintiff's Proposed Amendment makes clear that such amendment would be futile. Plaintiff's Proposed Amendment provides greater detail as to how her claims relate specifically to her. See Proposed Amendment at 4 (explaining that Plaintiff's application for CDIB was denied and that the present action is a response to that denial). In doing so, the Proposed Amendment makes clear that Plaintiff is again seeking to relitigate issues that have been resolved by another court and are barred by *res judicata*. As set forth in Defendants' Motion to Dismiss the AC ("Defendants' Motion") and Defendants' Reply in Support of Motion to Dismiss ("Defendants' Reply"), Plaintiff's claims challenge the denial of her CDIB,[1] claims that have been adjudicated in the Tenth Circuit and have been determined by this Court to be barred by *res judicata*.

---

[1]"Certificates of Degree of Indian Blood ("CDIBs") are issued by the BIA and are the BIA's certification that an individual possesses a specific quantum of Indian blood. A CDIB entitles the holder to participate in some government assistance programs." Davis v. United States, 192 F. 3d 951, 956 (10th Cir. 1999).

## I.    *RES JUDICATA* BARS PLAINTIFF'S CLAIMS

Under the doctrine of *res judicata*, "a final judgment on the merits of an action precludes

the parties or their privies from relitigating issues that were or could have been raised."

Dynaquest Corp. v. United States Postal Service, 242 F.3d 1070, 1075 (D.C. Cir. 2001), quoting

Allen v. McCurry, 449 U.S. 90, 94 (1980). See also Brown v. Felsen, 442 U.S. 127, 131 (1979);

Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 597 (1948).  "In order for res

judicata to apply, defendants must demonstrate the existence of (1) an identity of parties in both

suits; (2) a judgment rendered by a court of competent jurisdiction; (3) a final judgment on the

merits; and (4) an identity of the cause of action in both suits."  Paley v. Estate of Ogus, 20 F.

Supp. 2d 83, 87 (D.D.C. 1998).

The heart of Plaintiff's claims challenge the denial of her CDIB and her being denied

"rights and privileges 'by blood.'" Am. Complt. at 5.  The issue of Plaintiff's CDIB status has

already been litigated in the Tenth Circuit.  See Sheron Lea Harrison v. United States Department

of Interior, et al., No. 99-7108 (10th Cir., August 28, 2000), (see Defendants' Motion, Exhibit B

at 2), affirming Sheron Lea Harrison v. United States Department of Interior, et al., Civil Action

No. 98-CV-228-S (E.D. Okla., August 23, 1999). See Defendants' Motion, Exhibit A.  And

Plaintiff's attempt to relitigate these claims have already been determined by this Court to be

barred by *res judicata*.  Sheron L. Harrison v. Gale Ann Norton, et al., Civil Action No. 01-2188

(CKK) (D.D.C. September 8, 2003).  See Defendants' Motion,  Exhibit C.

As set forth in the Defendants' Motion, Plaintiff sought to relitigate her claims in this

Court.  On October 18, 2001, Plaintiff filed a Complaint against Gale Norton and Neal McCaleb,

challenging the denial of her CDIB and alleging a conspiracy by the defendants.  That case was

dismissed by this Court on September 8, 2003, as being barred by *res judicata*.  See Sheron L.

Harrison v. Gale Ann Norton, et al., Civil Action No. 01-2188 (CKK) (D.D.C. September 8,

2003) (the "2003 Decision").  See Defendants' Motion, Exhibit C.  This Court dismissed

Plaintiff's complaint finding that (1) Plaintiff brought both the Tenth Circuit and the complaint in

the 2003 Decision against the same officials at the Department of Interior, (2) that the judgment

in the Tenth Circuit case was a  final judgments on the merits, (3) by a court of competent

jurisdiction, and that (4) the claims in both cases involved challenges to the denial of Plaintiff's

CDIB.  Id. at 4-5.[2]

Plaintiff's Proposed Amendment again places in issue the reasons for the denial of a

CDIB.  Proposed Amendment at 3-4.  The present action is not based on subsequent events, but

is based on the same event - the denial of a status entitling her to a CDIB - and is the same claim

that was litigated in the Tenth Circuit and the same claim that Plaintiff attempted to relitigate

before this Court in 2003.  Indeed, as set forth in Interoceanica Corp. v. Sound Pilots, Inc., 107

F.3d 86 (2d Cir. 1997),  under *res judicata* " a judgment in an action 'precludes the parties . . .

from relitigating issues that were or could have been raised in that action.'" Id. at 90 (citing

Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981))

> the doctrine of res judicata provides that when a final judgment has been entered
> on the merits of a case, [i]t is a finality as to the claim or demand in controversy,
> concluding parties and those in privity with them, not only as to every matter
> which was offered and received to sustain or defeat the claim or demand, but as to
> any other admissible matter which might have been offered for that purpose.

---

[2]It is worth noting that the AC and Proposed Amendment raise two *res judicata* issues.  First, to the extent Plaintiff is challenging her denial of CDIB, that was already litigated in the Tenth Circuit.  In addition, the issue of whether Plaintiff can challenge the denial of her CDIB in a subsequent action was already decided by this Court.  See Defendants' Motion, Exhibit C.

<u>Interoceanica</u>, 107 F. 3d at 90.

Plaintiff's AC and Proposed Amendment are thus barred by *res judicata* for the same

reasons expressed by this Court in its 2003 Decision.  Plaintiff is suing the same Department of

Interior Defendants as the Tenth Circuit case and the 2003 Decision in this Court.  <u>See</u>

Defendants' Motion, Exhibit C at 4.  The Tenth Circuit decision was a final judgement on the

merits by a court of competent jurisdiction.  <u>Id.</u>  And the cause of action in both suits -a challenge

to legitimacy and rationale of the denial of a CDIB - is the same.  <u>Id.</u>  Plaintiff appears to claim

that the present action is distinct in that it raises issues related to the "final roll Choctaw by

blood."  Plaintiff's Response to Motion to Dismiss at 6.  And the Proposed Amendment

references a 2005 application for CDIB.  Proposed Amendment at 4.  But as Plaintiff states, the

2005 application was returned with a copy of the 1997 letter, reflecting that the issue was

resolved in 1997.  <u>See id.</u>  Accordingly, the present action remains a challenge to the denial of

CDIB status and the reasons for that denial.  Any theories supporting this claim could have been

litigated in the prior action and it is therefore barred by res judicata.  <u>See</u> <u>Paley</u>, 20 F. Supp. 2d at

87, Defendants' Motion, exhibit C at 4.

The reasons Plaintiff claims she was denied eligibility in the present action is the same

reason she was denied eligibility in the prior action in the Tenth Circuit.

> It stated that although Cyrus Kingsbury, was enrolled as a member of the Choctaw
> tribe, he obtained this status as a white person adopted by the tribe (referred to as
> an "AW" or "adopted white") rather than by possessing a specific quantum of
> Indian blood.  Harrison appealed this decision to the Muskogee Area Director of
> the BIA, who reached the same conclusions . . . and denied the request for a
> CDIB.. . . Harrison thereafter sought review of the Director's decision in the
> district court.

Defendants' Motion, Exhibit B at 3.  As Plaintiff clarifies in her Response to the Motion to

Dismiss, her claim is that she qualifies for a CDIB because Cyrus Kingsbury appears on the final

roll and Interior has no right to deviate from the roll based on blood quantum, "thereby to

distinguish one citizen from another."  Plaintiff's Response to Motion to Dismiss at 2.   Indeed,

this was the very issue resolved against Plaintiff in the prior action in the Eastern District of

Oklahoma (Defendants' Motion, Exhibit A) and any arguments to justify her position to qualify

for a CDIB based upon Cyrus Kingsbury had to be made at that time.  As this Court recognized:

> all of Plaintiff's present claims involve the BIA's determination that Plaintiff's
> ancestor, Mr. Kingsbury, was not a "citizen by blood" of the Choctaw Nation of
> Oklahoma.  This is precisely what Plaintiff challenged in her suit in the Tenth
> Circuit.  As the Supreme Court instructs, Plaintiff is estopped from "relitigating
> issues that were <u>or could have been raised in that action</u>."

2003 Decision at 5 (<u>quoting</u>, <u>Allen</u>, 449 U.S. at 94) (emphasis in 2003 Decision).

## II.    PLAINTIFF'S FAILURE TO ALLEGE A WAIVER OF SOVEREIGN IMMUNITY WARRANTS DISMISSAL

"It is elementary that '[t]he United States, as sovereign, is immune from suit save as it

consents to be sued . . . , and the terms of its consent to be sued in any court define that court's

jurisdiction to entertain the suit.'"  <u>United States v. Mitchell</u>, 445 U.S. 535, 538 (1980) (quoting

<u>United States v. Sherwood</u>, 312 U.S. 584, 586 (1941)).  In determining when such consent is

present, the Supreme Court has long held that "[a] waiver of sovereign immunity 'cannot be

implied but must be unequivocally expressed.'"  <u>Mitchell</u>, 445 U.S. at 538 (quoting <u>United States

v. King</u>, 395 U.S. 1, 4 (1969)).

The party asserting jurisdiction bears the burden of establishing a waiver of the

government's sovereign immunity.  <u>In re Al Fayed,</u> 91 F.Supp. 2d 137, 140 (D.D.C. 2000).  Any

6

waiver is to be construed strictly in favor of the government. <u>Ruckelshaus v. Sierra Club</u>, 463

U.S. 680, 685 (1983). At a minimum, to avoid the bar of sovereign immunity, Plaintiff has a

duty to allege a statute evincing a waiver of the United States' sovereign immunity. <u>Lane v.</u>

<u>Pena</u>, 518 U.S. 187, 192 (1996).

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Amend the AC should be denied.

//

//

//

//

//

//

//

//

//

//

//

//

//

7

Dated this 6th day of April, 2006.

Respectfully submitted,

SUE ELLEN WOOLDRIDGE
Assistant Attorney General
United States Department of Justice


/s/ Alex Kriegsman_____
Alex Kriegsman
Trial Attorney
United States Department of Justice/ENRD
Natural Resources Section
P.O. Box 663
Washington, D.C.  20044-0663
Tel: (202) 305-3022
Facsimile: (202) 305-0506

OF COUNSEL:

Charles R. Babst, Jr.
Attorney-Advisor
Tulsa Field Solicitor's Office
7906 East 33rd Street, Suite 100
Tulsa, OK 74145
(918) 669-7730 (tel.)
(918) 669-7736 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2006, a copy of the foregoing Defendants'

Opposition to Plaintiff's Motion to Amend was served on:

Sheron L. Harrison
521 Clinton St., #2
Sandusky, OH 44870
419-609-3770
419-503-5650

Plaintiff, acting in *pro se* capacity, by causing a full, true and correct copy thereof

to be sent, on the date set forth above, by U.S. Mail.

/s/ Alex Kriegsman
Alex Kriegsman
Trial Attorney