UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SHERON L. HARRISON        )
                          )
    Plaintiff              )
                          )
VS.                                          01:05:CV-2060 CKK

GALE ANN NORTON, Secretary of the Interior   )
                                             )
NEAL McCALEB, Assistant Secretary of Interior )

    Defendant (s)

**RECEIVED**
APR 1 8 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MOTION TO RECONSIDER

I respectfully submit the following reasons this court must reconsider its order of April 11, 2006, dismissing my complaint.

**REASONS**

1. Prior Court had no Jurisdiction

The prior court had no jurisdiction to undertake the status change of an original enrollee as so noted in the Defendants Reply in Support of Motion to Dismiss at 4.

"The reason Plaintiff claims she was denied eligibility in the present action is the same reason she was denied eligibility in the prior action in the Tenth Circuit.

> It stated that although Cyrus Kingsbury, was enrolled as a member of the Choctaw tribe, he obtained this status as a white person." Motion, Exhibit B at 3.

In 1898 Congress enacted the Curtis Act, 30 Stat. 495, which tasked the Dawes Commission with making "rolls" of the citizens or members of the Five Civilized Tribes. The Curtis Act provided that such roles will be 'the final roles of citizenship" once approved by the Secretary of the Interior. The Dawes Commission was a quasi judicial tribunal as to enrollment of citizens. The Tenth Circuit understood the stance of the Act of Congress as to the finality of the roles, "While we have grave doubts of the power of any court to alter this roll". Cully v Mitchell, 37 F.2d 493, at 499 (10th Cir 1930). The Dawes Commission was commissioned by Congress to decide who where to be enrolled and to what status and blood degree. The Secretary of Interior upon approval of the roll and made final by Congress lost all discretionary power. Garfield v Goldsby, 211 U.S.

1

249, (1908). If the prior court was with understanding that the Dawes Commission did not assert a blood degree that the courts or defendant could understand and thus took it to be a judicial matter, this would be arbitrary to the Act and court ruling as to the power of any court to alter the rolls. Cully at 499. Therefore to take jurisdiction to decide who was to be enrolled as Choctaw by Blood and to what blood degree was not a function of the court system after the roll became final. The Dawes Commission upon approval of the Secretary of the Interior decided the blood degree ascribed to my ancestor was sufficient for enrollment as Choctaw by Blood and to hold the status of Choctaw by Blood. Bluntly put, the prior court had no jurisdiction to decide that which was already decided and made final, res judicata. My ancestor, Cyrus H. Kingsbury, is an original enrollee Choctaw by Blood Roll # 15679. See Plaintiff's Response to Defendant's Motion to Dismiss, Exh A & B. The only status one could hold as a citizen of the Five Civilized tribe is and was 'by blood', freedman, or intermarried white, or minor. There was no mandate of Congress for a Final Roll Choctaws by AW nor status of AW. The prior court had no jurisdiction to add to the *Index and Final Roll Choctaws by Blood* nor take away and change the status of an original enrollee listed and duly enrolled on the *Index and Final Roll Choctaws by Blood*. For the status could only be Choctaw by Blood.

The Defendants acknowledged to determine eligibility for CDIB cards for the Choctaw Nation, the Area Director designated the *Index and Final Roll Choctaws by Blood*, Approved by Act of Congress June 21, 1906, 34 Stat. 325. Accordingly under Act of Congress enrollment for citizenship consist of Final Roll Choctaws by Blood, Final

Roll Choctaw Minors, Final Roll Choctaw Freeman, and Final Roll of Choctaw Intermarried White, thus the only means of enrollment 'status' was and is 'by blood', freedman, minor and those so considered as inter married whites.

In understanding that res judicata is a means to relieve parties of the cost of multiple lawsuit and to conserve judicial resources and especially preclude relitigation of the issues it must do so under issue of fact or law necessary to its judgment, no more no less. Therefore fact of law that had to be considered in the prior court ruling was the *Index and Final Roll Choctaws by Blood.* The prior court had no jurisdiction to add or take away from the *Index and Final Roll Choctaws by Blood.* As the Supreme Court has stated 'once one has acquire rights by administrative or judicial proceedings he cannot be deprived of them without notice" <u>Garfield</u> at 262 . The Defendants continually state that my ancestor was duly listed and enrolled on the *Index and Final Roll Choctaws by Blood.* See Plaintiff Response to Defendants Motion to Dismiss Exhibit A & B. The prior court ruling can not add nor take away from this roll it is final. There was no roll or a mandate of Congress for a Roll of Choctaws by AW nor create a status of AW.

As well as the Tenth Circuit own standing, "There is no authority for the Secretary to change the status of particular individuals upon an appeal ….after the roll became final. The roll had become conclusive under the statute." <u>Sac and Fox Tribe of Indians of Okl v Andrus</u>, 645 F.2d 858 at 862 (1981). The Act of Congress mandate a 'by blood' role, "a committee of Congress can not take language that could only cover

3

'flies' or 'mosquitoes' and tell the courts that it really means 'ducks'. <u>Wisconsin Public Internor v Montier</u> 501 U.S. 597 at 61n (1991). Therefore all enrolled by blood must be by blood; all enrolled as Freedman must be Freedman. The Freedman were adopted citizens of the Choctaw Nation and were allotted lands but blood degree was not ascribed. See generally, <u>Groundhog v V.W. Keeler</u>, 442 F. 2d 674 at 677 (10th Cir. 1971) (describing Cherokee Freedman). "Notwithstanding the fact that the Supreme Court has said that the roll properly interpreted, means that Yekcha was an Indian of". <u>Cully</u> at 498. Therefore, Cyrus H. Kingsbury Choctaw by Blood Role #15679 is Indian of "AW" degree.

    This Court in OP at 4 stated "he obtained this status as a white person" the only status one could have as a citizen of the Choctaw Nation under Act of Congress was and is 'by blood', 'freedman', and minors of the tribe. There is no roll or 'status' of Choctaws by AW.

    As Congress noted as to blood degree on the rolls, " I might state for the benefit of the House that the rolls give the quantum of blood of each member upon the rolls," Vol 10, Congressional Record, 59th Congress, page 1243. My ancestor Homestead Patent No. 18168 and Allotment Patent No. 16020 deemed him to be Choctaw by Blood. A certified copy of this is not available at this time; however, I do have a copy that is not certified. Exhibits A & B. The Act of Congress mandated a 'by blood' roll in clear language, therefore, "the legislative will must be ascertained from the text of the statute if

4

the words are clear and plain." <u>Allery v Swimmer</u>, 779 F. Supp 126, at128 citing <u>Adams v Morton</u>, 581 F.2d 1314, 1320 (9th Cir. 1978), cert. Denied 440 U.S. 958, 99 S.Ct. 1498, 59 L.Ed.2d 771 (1979). If the intent of Congress is clear, "the court will not strain to interpret the statute, nor will it apply an interpretation that is extended and distorted beyond the words' popular meaning." <u>Allery.</u> The prior court can not strain the clear wording of Congress thereby suggesting, helping to create, or implying another means of Citizenship of the Five Civilized Tribes. The roll is was final.

The prior court ruling was a blatant misuse of jurisdiction. Therefore this court does have standing to answer the complaint.

2. Motion to Amend Amended Complaint.

A motion to amend must be freely applied in the interest of justice. The Amended Complaint was no prejudice to the Defendant nor an injustice. It was simply an error of understanding what to put in a complaint besides the complaint itself. This must not be a game of skill for one misstep to be decisive to the outcome. <u>Foman v Davis</u>, 371 U.S. 178, 9 L. Ed 2d 222, 83 S.Ct. 227.

3. Application of 2005

This court stated regarding final agency action and that I alleged that the application was simply returned with a denial letter of 1997 that it may be unclear if this would be sufficient to constitute a 'final agency action'. Op at 8, n4. I sent my application in and it was returned to me under the Defendants thought, they already told

5

me no. My application of 2005 was deemed futile by the Defendants in refusing to consider my application. Under 28 U.S.C. 2401 (a) I have six years in which to present on appeal.

THEREFORE, the prior court ruling was a blatant misuse of jurisdiction with all due respect to the court. My application of 2005 was futile the Defendants refused to go by their policy of birth and death records leading back to the *Index and Final Roll Choctaws by Blood* so my application was just returned with thought in mind that the *Index and Final Rolls Choctaw by Blood* was not a true listing and their discretionary authority to decide once again who were the original Choctaws by Blood. The inclusive fact of the issue that the prior court ruling had to consider the *Index and Final Roll Choctaws by Blood* thereby the prior court had no standing to decide who where to be enrolled or status or blood degree that was commissioned by Congress to the Dawes Commission upon approval by the Secretary of the Interior. The roll can only be read consistently according to the Supreme Court. For to read it any other way is to cause chaos and confusion.

This is not an attempt to bring forth issue that could have been addressed but to make known that the prior court had no standing to decide who were to be the original enrollee and change the original enrollee status of Choctaw by Blood at this late stage of the game even in the instance of a CDIB if the Defendants are to use the *Index and Final Roll Choctaw by Blood*. The Dawes Commission upon approval of the Secretary of the Interior was commission by Congress. Upon completion the roll was deemed final by

6

Congress and therefore it was not a standing of any court to decide the issue of enrollment, the issue of blood degree or change status or blood degree after the roll became final. The blood degree ascribe by the Dawes Commission and approved by the Secretary of the Interior for my ancestor to be enrolled as Choctaw by Blood is what it is and there can be no status change or blood degree change because the roll is final. The courts and the Defendants have no standing to assert anything to the other the roll is final. The Defendants must go by their policy, birth and death records leading back to the original enrollee on the Choctaw by Blood roll. The Defendants have lost all discretionary power to decide once again who was to be enrolled as Choctaw by Blood or the blood degree ascribed on a roll that is final. Congress commissioned the Dawes Commission as the quasi judicial tribunal and upon approval of the Secretary of the Interior have already decided the blood degree and status of Choctaw by Blood that was deemed final by Congress. Therefore, "There is no place in our constitutional system for exercise of arbitrary power, and the courts have the power to restore the status of parties aggrieved by the unwarranted actions of a public official." Garfield at 253

//

//

//

//

//

//

## CONCLUSION

I pray this court will reconsider its order to dismiss this complaint for this court does have jurisdiction to hear the matter before it.

Respectfully submitted,

*[signature: Sheron L Harrison]*

SHERON L HARRISON, PRO SE
521 Clinton St, #2
Sandusky, OH  44870
419-609-3770 - home
419 503 5650 - cell

## CERTIFICATE OF MAILING

I, Sheron L. Harrison, do certify that a true and correct copy of the <u>Motion to Reconsider</u> was served upon Defendant (s) by depositing a copy in the U.S. Mail, first class postage prepaid certified mail, addressed to:

>  Alex Kriegsman, Trial Attorney
>  United States Department of Justice/ENRD
>  Natural Resources Section
>  P.O. Box 663
>  Washington, D.C.  20044-0663

Dated this 17 day April, 2006

>  Respectfully submitted
>
>  *[signature]*
>  SHERON L HARRISON, PRO SE
>  521 Clinton St, #2
>  Sandusky, OH  44870
>  419-609-3770 - home
>  419 503 5650  - cell

# EXHIBIT A

# HOMESTEAD PATENT.

555

184

THE CHOCTAW AND CHICKASAW NATIONS,  *Choctaw by blood.* Roll No. 15679
INDIAN TERRITORY.    No. 18168
Date of Certificate January 20, 1905.

TO ALL TO WHOM THESE PRESENTS SHALL COME—GREETING:

WHEREAS, by the Act of Congress approved July 1, 1902 (32 Stat., 641), and ratified by the citizens of the Choctaw and Chickasaw Nations September 25, 1902, it was provided that there should be allotted, by the Commission to the Five Civilized Tribes, to each citizen of the Choctaw and Chickasaw Nations, land equal in value to three hundred and twenty acres of the average allottable lands of the Choctaw and Chickasaw Nations; and,

WHEREAS, It was provided by said Act of Congress that each member of said tribes shall, at the time of the selection of his allotment, designate, or have selected and designated for him, from his allotment, land equal in value to one hundred and sixty acres of the average allottable land of the Choctaw and Chickasaw Nations, as nearly as may be, as a homestead, for which separate certificate and patent shall issue; and,

WHEREAS, The said Commission to the Five Civilized Tribes has certified that the land hereinafter described has been selected by or on behalf of _Cyrus H. Kingsbury_, a citizen of the _Choctaw_ Nation, as a homestead;

NOW, THEREFORE, We, the undersigned, the Principal Chief of the Choctaw Nation and the Governor of the Chickasaw Nation, by virtue of the power and authority vested in us by the twenty-ninth section of the Act of Congress of the United States, approved June 28, 1898 (30 Stat., 495), have granted and conveyed, and by these presents do grant and convey unto the said _Cyrus H. Kingsbury_ all right, title and interest of the Choctaw and Chickasaw Nations and of all other citizens of said Nations, in and to the following described land, viz:

The South Half of the North East Quarter of the South East Quarter and the South Half of the South East Quarter of Section Thirteen (13), and the South Seven and 42/100 (7.42) Acres of Lot One (1) of Section Twenty-four (24), Township Ten (10) North and Range Eight (8) West. (Chickasaw Nation).

of the Indian Base and Meridian, in Indian Territory, containing
(107.42) One hundred and seven and 42/100

acres, more or less, as the case may be, according to the United States survey thereof, subject, however, to the conditions provided by the Act of Congress approved July 1, 1902 (32 Stat., 641), pertaining to alloted homesteads.

IN WITNESS WHEREOF, We, the Principal Chief of the Choctaw Nation and the Governor of the Chickasaw Nation, have hereunto set our hands and caused the great seal of our respective Nations to be affixed at the dates hereinafter shown.

(THE GREAT SEAL OF THE CHOCTAW NATION.)

Filed for record on the 20 day of Apr. 1907 at 4 o'clock P.M. and recorded in book 31, Page 449.
Tams Bixby
Commissioner to the Five Civilized Tribes
By Hal Belford clerk.

Date Feb 21 1906, 190__
Green McCurtain
Principal Chief of the Choctaw Nation.

Date February 10, 1906
Douglas H. Johnston
Governor of the Chickasaw Nation.

Department of the Interior,
LRS Approved Feb 23 1907; 190__
E. A. Hitchcock

(THE GREAT SEAL OF THE CHICKASAW NATION.)

# EXHIBIT B

## ALLOTMENT PATENT.

241

**THE CHOCTAW AND CHICKASAW NATIONS,** No. 16040
**INDIAN TERRITORY.**

Choctaw by blood Roll No. 15679
Date of Certificate: January 20 - 1905

TO ALL TO WHOM THESE PRESENTS SHALL COME—GREETING:

WHEREAS, by the Act of Congress approved July 1, 1902 (32 Stat., 641), and ratified by the citizens of the Choctaw and Chickasaw Nations September 25, 1902, it was provided that there should be allotted, by the Commission to the Five Civilized Tribes, to each citizen of the Choctaw and Chickasaw Nations, land equal in value to three hundred and twenty acres of the average allotable lands of the Choctaw and Chickasaw Nations; and,

WHEREAS, It was provided by said Act of Congress that each member of said Tribes shall, at the time of the selection of his allotment, designate, or have selected and designated for him, from his allotment, land equal in value to one hundred and sixty acres of the average allotable land of the Choctaw and Chickasaw Nations, as nearly as may be, as a homestead, for which separate certificate and patent shall issue; and,

WHEREAS, The said Commission to the Five Civilized Tribes has certified that the land hereinafter described has been selected by or on behalf of _Cyrus H. Kingsbury_, a citizen of the _Choctaw_ Nation, as an allotment, exclusive of land equal in value to one hundred and sixty acres of the average allotable lands of the Choctaw and Chickasaw Nations selected as a homestead as aforesaid.

NOW, THEREFORE, We, the undersigned, the Principal Chief of the Choctaw Nation and the Governor of the Chickasaw Nation, by virtue of the power and authority vested in us by the twenty-ninth section of the Act of Congress of the United States, approved June 23, 1898 (30 Stat., 495), have granted and conveyed, and by these presents do grant and convey unto the said _Cyrus H. Kingsbury_ all right, title and interest of the Choctaw and Chickasaw Nations and of all other citizens of said Nations, in and to the following described land, viz:

_The North Half of the North East Quarter of the South East Quarter and the North West Quarter of the South East Quarter of Section Thirteen (13), Township Ten (10) North and Range Eight (8) West, and the North West Quarter of the South East Quarter of Section Eighteen (18) Township Ten (10) North and Range Seven (7) West. (Chickasaw Nation)_

of the Indian Base and Meridian, in Indian Territory, containing

_One Hundred (100)_

acres, more or less, as the case may be, according to the United States survey thereof, subject, however, to the provisions of the Act of Congress approved July 1, 1902 (32 Stat., 641).

IN WITNESS WHEREOF, We, the Principal Chief of the Choctaw Nation and the Governor of the Chickasaw Nation, have hereunto set our hands and caused the great seal of our respective Nations to be affixed at the dates hereinafter shown.

(THE GREAT SEAL OF THE CHOCTAW NATION.)

Date _Feb 2_, 1906
_Green McCurtain_
Principal Chief of the Choctaw Nation.

Filed for record on the 6 day of Aug. 1907 at 9 o'clock AM in Book 33 page 534

Date _February 10_, 1906
_Douglas H. Johnston_
Governor of the Chickasaw Nation.

Commissioner to the Five Civilized Tribes
Department of the Interior,

(THE GREAT SEAL OF THE CHICKASAW NATION.)

Approved _Jul 26_, 1907
_James Rudolph Garfield_
Secretary.
By _Oliver A Phelps_
Clerk.

FILED for record at _Chickasha_ 10 day of _Feb_ 1910, 10 AM.
Register of Deeds, Grady County, Okla.