# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 06-5144**                          **September Term, 2006**

05cv02060

Filed On: January 10, 2007

[1015507]
Sheron L. Harrison,
    Appellant

v.

Neal McCaleb and Dirk Kempthorne, Secretary of Interior,
    Appellees



MANDATE
Pursuant to the provisions of Fed. R. App.Pro.41(a)
ISSUED: 4/11/07
BY: _____ Deputy Clerk
ATTACHED: ___ Amending Order
___ Opinion
___ Order on Costs

**BEFORE:**  Ginsburg, Chief Judge, and Henderson and Randolph, Circuit Judges

### ORDER

Upon consideration of the motion for summary affirmance, and the opposition thereto, it is

**ORDERED** that the motion for summary affirmance be granted. The merits of the parties' positions are so clear as to warrant summary action. See <u>Taxpayers Watchdog, Inc. v. Stanley</u>, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). Appellant challenges the United States Department of Interior's authority to deny her application for a Certificate of Degree of Indian Blood ("CDIB") in the face of appellant's alleged descent from an enrollee on the Final Roll Choctaw by Blood. As noted by this court in <u>Harrison v. Norton</u>, No. 03-5283, 2004 WL 1071369, at *1 (D.C. Cir. May 12, 2004), the decision of the United States Court of Appeals for the Tenth Circuit upholding the United States Department of the Interior's denial of appellant's application for a CDIB was a final judgment on the merits. The instant suit seeks to raise nearly identical claims, and thus the district court correctly held such suit barred by res judicata. See <u>Apotex, Inc. v. FDA</u>, 393 F.3d 210, 217 (D.C. Cir. 2004) ("[T]he doctrine of res judicata holds that a judgment on the merits in a prior suit bars a second suit involving identical parties . . . based on the same cause of action."); <u>Drake v. FAA</u>, 291 F.3d 59, 66 (D.C. Cir. 2002) ("a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action") (internal quotation marks omitted). Although post-judgment events may give rise to new claims, <u>see</u> <u>Stanton v. District of Columbia Court of Appeals</u>, 127 F.3d 72, 78 (D.C. Cir. 1997), appellant's 2005 reapplication for a CDIB was returned by the agency with its 1997 denial of appellant's application attached. The current suit thus shares the same nucleus of facts as appellant's



# United States Court of Appeals
FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

**No. 06-5144**                           **September Term, 2006**

prior two actions, and is barred. <u>See, e.g.</u> <u>Apotex</u>, 393 F.3d at 217 ("Whether two cases implicate the same cause of action turns on whether they share the same nucleus of facts.") (quoting <u>Drake v. FAA</u>, 291 F.3d 59, 66 (D.C. Cir. 2002) (internal quotations omitted)). <u>Cf.</u> <u>Waldman v. Village of Kiryas Joel</u>, 207 F.3d 105, 113 (D.C. Cir. 2000) (res judicata applies even when post-judgment facts alleged, where "not plausible" to characterize claim as one based in any significant way upon such new facts).

Furthermore, the district court did not abuse its discretion in denying appellant's motion for leave to amend the complaint when such amendment would have been futile. <u>See</u> Fed. R. Civ. P. 15(a); <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). Finally, the district court did not abuse its discretion in denying appellant's motion for reconsideration of the dismissal of the case. <u>See</u> <u>Firestone v. Firestone</u>, 76 F.3d 1205, 1208 (D.C. Cir. 1996).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. <u>See</u> Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**